**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

National Presto Industries, Inc.,

    Plaintiff/Counterclaim Defendant,    Case No.: 0:18-cv-03321-SRN-BRT

vs.

U.S. Merchants Financial Group, Inc.,

    Defendant/Counterclaimant.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL**

**I.   INTRODUCTION**

Plaintiff, National Presto Industries, Inc. ("National Presto") seeks the production of all communications and documents pertaining to any testing of the HEATDISH product conducted by Mr. Derek Starr. Defendant U.S. Merchants Financial Group, Inc.'s ("Defendant") claim that any testing conducted by Mr. Starr falls within the attorney-client/work product doctrine privilege is simply without merit. While the parties have tentatively reached an agreement to dismiss the Counterclaims with prejudice, any testing of the HEATDISH product is still directly relevant to National Presto's claims of tortious interference and unfair competition. Indeed, Defendant put all of these test results at issue by publicly asserting these results contradict National Presto's claim of UL Certification. This assertion tortuously interfered with National Presto's business. National Presto is entitled to examine the full basis for Defendant's claims and, given that Defendant's false advertising claim interfered with National Presto's business relationship, National Presto

1

is entitled to take full discovery on this issue. Defendant cannot cherry pick presenting evidence favorable to its position, particularly after it *already* produced non-privileged communications with Mr. Starr related to testing of the HEATDISH product. Defendant placed at issue the full scope of these communications and any testing conducted as a result, and National Presto is entitled to full and complete discovery on this issue.

## II.     FACTUAL BACKGROUND

### A. The Commercial Success of the HEATDISH product.

National Presto sells its HEATDISH product at Costco for over thirty (30) years. Dkt. No. 1, ¶9. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Declaration of Yafeez S. Fatabhoy ("Fatabhoy Decl."), Exhibit 1. Integral to this success is the unique combination of design features, resulting in the HEATDISH product's distinctive ornamental design.



HEATDISH

### B. National Presto Initiated this Lawsuit upon Discovering Defendant's Infringing HEAT MACHINE Product.

At the start of the 2018 heater season, Defendant introduced a nearly identical heater to the HEATDISH product – the HEAT MACHINE. This product was also available for sale in the same store as the HEATDISH - Costco. The HEAT MACHINE heater copied

nearly every unique design aspect of the HEATDISH, including utilizing a nearly identical grill design.



National Presto instituted this lawsuit on December 4, 2018, to enforce its intellectual property rights in and related to its HEATDISH product including the Defendant's tortious interference with National Presto's prospective business with Costco. (Dkt. No. 1.)

### C. Instead of engaging in Settlement Discussions, Defendant Tortuously Interfered with National Presto

In an effort to amicably resolve this dispute, National Presto delayed serving the Complaint, as allowed by the Federal Rules, in an effort to find a resolution with Defendant. Instead of engaging in good faith settlement discussions, Defendant sought to undermine National Presto in any way possible. ███████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████  █████████

█  █████████████████████████████████████

████████████████████████████████████████

███████████████

████████████████████████████████

███████████████████████████████

██

While National Presto provided Defendant with proof that the HEATDISH has at all times retained UL compliance (Fatabhoy Decl., Exhibit 5) Defendant nonetheless asserted its Counterclaims premised on the dubious UL-CN test report. Dkt. No. 13.

The Counterclaims (Dkt. No. 13) allege false advertising in violation of the Lanham Act, and related state law claims with a similar premise. Specifically, Defendant's Counterclaims allege that because the HEATDISH parabolic heater fails UL Standard 1278 – UL's Grill Safety Test – National Presto cannot claim valid UL certification.  Dkt. No. 13, ¶ 18.

### D. As Discovery Progressed, Defendant's Intent to Tortuously Interfere with National Presto's Business Has Become Abundantly Clear.

After Defendant filed its Counterclaims, National Presto experienced disruption in its business. First, due to Defendant's Counterclaims, premised off the heavily redacted test report, Costco refused to sell nearly fourteen hundred units of National Presto's HEATDISH product. See Fatabhoy Decl., Exhibit 11. Further, documents produced by Defendant show that it was the intention of Defendant to specifically displace National Presto at National Presto's largest customer – Costco.

National Presto served numerous discovery requests seeking information relating to

Defendant's testing of the HEATDISH product. For example, Request for Production No. 6 asks for "All documents and communications related to any testing of Your HEAT MACHINE product and National Presto's HEATDISH® product." Fatabhoy Decl., Exhibit 10 (*See also* Fatabhoy Decl., Exhibit 10 Interrogatory Nos. 15, 16, and 26 generally asking for communications, testing reports, and other documents relating to testing of the HEATDISH product with applicable safety and quality standards).

In response, U.S. Merchants provided the un-redacted test report along with other various reports purporting to show that the HEATDISH product is not in compliance with UL standards. *See e.g.,* Fatabhoy Decl., Exhibit 6. ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

          ██████████████████████████████████

███████████████████████████████████████

██████████████████████████ However, Defendant has not sought to claw back the produced correspondence as privileged. Instead, Defendant introduced correspondence of an individual who, based on the correspondence, was supposed to test the HEATDISH product. More importantly, the correspondence makes clear that the testing was initiated by Defendant and its overseas manufacturer – not Counsel. Yet, no further communications have been produced. Given the importance of this information, particularly where Defendant placed National Presto's certification at issue in this lawsuit and sought to interfere with its business by cherry-picking favorable evidence while hiding behind privilege on unfavorable evidence. National Presto is forced to raise this issue with the Court.

III.     LEGAL ANALYSIS

"A client may waive the protection of the attorney-client privilege either expressly or by implication." *Sedco Int'l, S.A. v. Cory,* 683 F.2d 120, 1206 (8th Cir. 1982).[1] The Eight Circuit stated that "[c]ourts have found waiver by implication when a client testifies concerning portions of the attorney-client communication, . . . ***when a client places the attorney-client relationship directly at issue***, . . . and when a client asserts reliance on an attorney's advice as an element of a claim or defense. . ." *Id* (emphasis added.) A waiver of privilege may be implied where through an affirmative act, the asserting party has placed the protected information at issue by making it relevant. *Medtronic, Inc. v. Intermedics, Inc.,* 162 F.R.D. 133 (D.Minn 1995). In *Baker v. General Motors Corp.,* 209 F.2d 1051 (8th Cir. 2000), this Circuit examined the "at-issue" waiver and held that there are two situations in which at-issue in which at-issue waiver is commonly found. The first is when proof of a party's legal contention implicates evidence encompassed in the contents of an attorney-client communication. *Id.* The second is when a client's testimony refers to a specific privileged document. *Id.*

This district's decision in *U.S. S.E.C. v. Welliver*, 2012 WL 8015672 (D. Minn. Oct. 26, 2012) is particularly relevant. In *Welliver*, the court found that by defendant asserting it relied on counsel to support its good faith assertions, its legal contention placed directly at issue privileged communications with its attorney. *Id.* At *9. The court found this to be an implied waiver, which opened the door for disclosure of privileged communications. *Id*.

---

[1] The work-product doctrine is also subject to the "at issue" waiver of privilege and is guided by the same principles. *Afremov v. Sulloway & Hollis*, 2012 WL 12981665 (D.Minn. 2012).

7

In contrast, in *Shukh v. Seagate Technology, LLC*, 872 F.Supp.2d 851 (D.Minn. 2012), the Court found no waiver based on the "at-issue" doctrine. In so holding, the court merely stated that the defendant simply denied an allegation. *Id.* at 857. Critically, this denial did not rise to placing something "at-issue" because defendant made no affirmative steps to implicate any privileged communication. *Id*. Put differently, in *Shukh* the party's legal contention did not directly place privileged communications at issue, rather the contention could be explained through other, non-privileged means.

Here, Defendant's conduct is akin to *Welliver*. Indeed, Defendant's contention that the HEATDISH product failed UL testing directly tortuously interfered with National Presto's business relationship with Costco. Thus, any basis for Defendant's contention is at issue and thus discoverable. Like the defendant in *Welliver*, Defendants whole basis for asserting that the HEATDISH product falsely advertises its UL certification is based off test reports showing that the HEATDISH product fails applicable standards. Thus, any test reports commissioned by Defendant are directly relevant to the contention that the HEATDISH product does not pass UL certification, which contention has in turn tortuously interfered with National Presto's business relationship.

Additionally, information related to Mr. Starr's testing of the HEATDISH product goes directly to the merits of Defendant's continued reliance on test results throughout this litigation. Recently, Defendant responded to Interrogatory No. 26 which asked for Defendant's support for the legal contention that the HEATDISH product was not UL compliant. Fatabhoy Decl., Exhibit 10. Defendant maintained that its support was based, in part, on the allegations in its Counterclaims. As explained *supra*, these allegations

8

directly rest on testing done by Defendant of the HEATDISH product. Defendant has directly put its testing at issue, by claiming that the HEATDISH product lacked UL certification. All test results procured by Defendant should be produced as they are foundational to Defendant's legal contention.

Though the Counterclaims will be imminently dismissed by stipulation, the withheld test results have large implications for National Presto's tortious interference claim. Discovery has clearly shown that Defendant sought to target National Presto's largest customer in hopes to displace National Presto from the heater market. ██████ ████████████████████████████████████████████████ ████████████████████████████ If Defendant commissioned a report showing the HEATDISH product passing UL certification, evidences Defendant's wrongful interference with National Presto's business at least by disseminating false information that the HEATDISH product fails UL certification. As such, communications with Mr. Starr are directly relevant and at issue due to Defendant's own affirmative conduct of raising these Counterclaims in effort to displace National Presto from the heater market. Defendant cannot use its test reports selectively, only presenting favorable evidence while hiding behind a suspect privilege assertion as to some, but not all, communications with a third party tester.

Principles of fundamental fairness also dictate that a party may not use the attorney-client privilege as both a sword and a shield. *Minn Specialty Corps. v. Minn. Wild Hockey Club, L.P.,* 210 F.R.D. 673, 675 (D. Minn. 2002). Specifically, a party may not selectively disclose communications that it considers helpful, while claiming privilege on other

communications relating to the same subject. Here, Defendant seeks to only disclose helpful communications, i.e. the UL-CN report which shows that the HEATDISH product fails UL Certification, while potentially hiding damaging reports. National Presto can only speculate what the report said, but at the end of the day, National Presto should have access to this information so it can fully defend against Defendant's meritless Counterclaims and prosecute its claim for tortious interference.

## IV.     CONCLUSION

For the foregoing reasons, National Presto respectfully requests this Court to compel disclosure of all documents and communications relating to Derek Starr. In the alternative, National Presto requests an *in camera* review of the documents for a determination of the privilege claim.

DATE: February 4, 2020           *s/ Sarah M. Stensland*

Sarah M. Stensland (#387,051)
stensland@ptslaw.com
**PATTERSON THUENTE PEDERSEN, P.A.**
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

John S. Artz (P48578), *admitted pro hac vice*
Andrea L. Arndt (P78622), *admitted pro hac vice*
Yafeez S. Fatabhoy (P83064), *admitted pro hac vice*
Franklin M. Smith (P76987), *admitted pro hac vice*
**DICKINSON WRIGHT PLLC**
2600 West Big Beaver Road, Ste. 300
Troy, MI 48084

                    Telephone: (248) 433-7200
                    Facsimile: (844) 670-6009
                    jsartz@dickinsonwright.com
                    aarndt@dickinsonwright.com
                    yfatabhoy@dickinsonwright.com
                    fsmith@dickinsonwright.com

*Attorneys for Plaintiff/Counterclaim Defendant National Presto Industries, Inc.*

4832-8985-2851 v1 [85653-2]