**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| National Presto Industries, Inc., | |
| Plaintiff, | Case No.: 0:18-cv-03321-SRN-BRT |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |
| U.S. Merchants Financial Group, Inc., | |
| Defendant. | |

Plaintiff/ National Presto Industries, Inc. ("National Presto" or "Plaintiff"), hereby opposes Defendant's Motion to Compel (Dkt. No. 104). This Motion is made based on the following Memorandum of Points and Authorities, supporting declarations and exhibits, and any oral argument this Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant U.S. Merchants Financial Group, Inc.'s ("U.S. Merchants" or "Defendant") improper use of the discovery process is designed to needlessly harass National Presto in producing unnecessary, duplicative, and irrelevant information. Indeed, both of Defendant's purported discovery deficiency claims belie the very underpinnings of this lawsuit.

First, Defendant's claim that it requires thirty (30) years of drawings for every part of every model of the HEATDISH to effectively defend this case is simply without merit. Defendant's demand for all parts drawings reaffirms Defendant's misguided notion that trade dress protection is defined at a granular level of particularity similar to patent

1

infringement. Trade dress protection focuses on the likelihood of confusion between products, not miniscule differences between product iterations. Defendant's demand for all parts drawings is insincere, unnecessary, and serves no legitimate purpose other than harassment. Indeed, even if all drawings of all parts that were visible were somehow relevant, their request for drawings of internal parts, such as thermostats is simply unnecessary.

Second, National Presto's responses to Defendant's discovery requests relating to the 2019 HEAT MACHINE heater are proper because this newly identified product is simply irrelevant to this lawsuit. National Presto has clearly maintained that its lawsuit only dealt with Defendant's blatant infringement by its 2018 HEAT MACHINE heater. Defendant's dilatory introduction of the 2019 HEAT MACHINE heater is improper.[1] Defendant seeks to use its discovery responses as a method to gather an advisory opinion to assist with future business decisions. Defendant cannot hijack this lawsuit and use it for its own benefit. National Presto has no obligation to provide substantive responses to requests relating to the irrelevant 2019 HEAT MACHINE heater as such product is not the subject of any claim and its introduction at this point would only serve to delay and require further discovery.

## II.     BACKGROUND INFORMATION

National Presto was forced to institute this lawsuit to protect its intellectual property rights in its HEATDISH heater. Specifically, National Presto has been continuously selling its HEATDISH product in Costco stores for over 30 years. The HEATDISH product features a unique ornamental design, which has largely maintained consistent for over thirty (30) years. Dkt. 1, ¶9.

---

[1] Defendant's introduction of the 2019 HEAT MACHINE heater was effectively two weeks before the deadline where parties had to serve written discovery. *See* Dkt. No. 51.



HEATDISH

At the beginning of the 2018 heater season, National Presto discovered Defendant selling a product called the HEAT MACHINE, which resembled the HEATDISH heater by utilizing nearly identical ornamental features used by National Presto over thirty (30) years. As shown below, the HEAT MACHINE has the same overall appearance as the HEATDISH heater.



HEATDISH          HEAT MACHINE

National Presto therefore instituted this lawsuit in December 2018, seeking to put an end to Defendant's blatant trade dress infringement.

**A. National Presto's production of part's drawings**

As litigation commenced, Defendant served its first set of discovery requests on February 20, 2019, well before the parties attended the initial pretrial conference and before the parties had entered a protective order in this case. *See* Dkt. Nos. 27 and 28. Inclusive in these requests were numerous Interrogatories and Requests for Production relating to the overall design of the product. Specifically, Interrogatory No. 2 asked for National Presto's "design process for all iterations of the HEATDISH brand heater. . ." Declaration

of Yafeez S. Fatabhoy ("Fatabhoy Decl."), Exhibit 1. National Presto responded to this Interrogatory in part by offering "U.S. Merchants' counsel the opportunity to inspect these HEATDISH® product iterations in National Presto's local counsel's office in Minneapolis, Minnesota at a mutually agreeable time." *Id*. Defendant inspected the heaters in person on October 14, 2019, at which it took over four hundred pictures of the HEATDISH heaters. Fatabhoy Decl., Exhibit 2; *see e.g.,* USM0007810-8230.

In addition to providing heater samples for U.S. Merchants to review, National Presto produced voluminous engineering documents for its HEATDISH models despite the questionable relevance. National Presto provided all relevant parts drawings and assembly for its 2013, 2016, and 2019 HEATDISH models. Fatabhoy Decl., ¶ 6. These parts and assembly drawings include everything from major components, such as the grill, to miniscule parts, such as tip-over switches underneath the heater.

Additionally, National Presto provided all major external parts drawings, which include the reflector, grill, base and shroud for all HEATDISH models from 1995 to the present. Fatabhoy Decl., ¶ 7. National Presto also provided all assembly drawings for all iterations of its HEATDISH heaters from 1995 to present. Fatabhoy Decl., ¶ 8. The assembly drawings feature all of the parts of the HEATDISH model being assembled into its unit. *Id.* In sum, National Presto's production to date demonstrates all significant features of the HEATDISH product from 1995 to the date as well as full drawings of the entire assembly (i.e. the trade dress) and the actual samples themselves.

On the other hand, National Presto is unable to produce all parts drawings without undue burden. National Presto's computer system was updated nearly five years prior to the filing of the lawsuit. Fatabhoy Decl., ¶ 10. During the update, all heater design drawings remained on the older system. Fatabhoy Decl., ¶ 10. The older system is incompatible with the updated computer system. Fatabhoy Decl., ¶ 10. National Presto's employees have limited access to the older system. Fatabhoy Decl., ¶ 11. This greatly limits the individuals

who can collect the documents. Even when employees are able to access the older system, the older files are incompatible with the newer system and, therefore, employees have to spend an exceedingly long time to process and produce each image. This expends numerous resources and employee hours, all to no meaningful effect on this litigation given National Presto's production to date as already outlined above.

In spite of the foregoing technical hurdles, National Presto undertook great expense and effort to provide Defendant with all relevant parts drawings, excluding screws and other internal components. National Presto explained its efforts to Defendant and inquired why Defendant nonetheless felt a need for **_all_** parts drawings. National Presto noted that Defendant had pictures of all the products, had an opportunity to inspect the products, and had assembly drawings of the products. Thus, the production of additional parts drawings is unnecessary and duplicative, in view of the information Defendant already possessed as well as the burden in having to convert these drawings. Defendant refused such a compromise, instead demanding that National Presto produce **_all_** parts drawings.

### B. National Presto's refusal to opine on products not at issue in this lawsuit

In addition to requiring all parts drawings, Defendant served discovery requests directed to products not at issue in this lawsuit. Specifically, as this lawsuit proceeded, both parties entered into a standstill period during the month of November, to facilitate any settlement discussions. The overall result of this standstill was unsuccessful. However, while settlement talks were unsuccessful, Defendant introduced, for the first time, a purportedly redesigned product, the 2019 HEAT MACHINE product in mid to late November. Aside from cursorily discussing this product during settlement discussions, Defendant made no other reference to its redesigned product.

However, on December 6, 2019, the last day that the parties were able to serve fact discovery, Defendant propounded a series of discovery requests direct to, *inter alia,* National Presto's infringement contentions with respect to the 2019 HEAT MACHINE

heater. As this product was never identified in the parties' pleadings and was only first introduced in Fed. R. Evid. 408 settlement communications near the end of discovery, National Presto rightly viewed these requests as seeking wholly irrelevant information – certainly they did not relate to anything at issue in the present litigation. Moreover, National Presto viewed Defendants "Eleventh hour" inquiry as to the 2019 HEAT MACHINE as improper and an improper attempt to seek an advisory clearance opinion on its purportedly redesigned product. Taking all of these together, National Presto properly responded that because Defendant sought irrelevant information, National Presto's responses are proper.

### III. ARGUMENT

Defendant's request for thirty (30) years of all parts drawings and contentions relating to the irrelevant 2019 HEAT MACHINE heater improperly expand the litigation and place an undue burden on National Presto. While Fed. R. Civ. P. 26 generally provides for broad discovery, it does place limitations on the parties' request by limiting discovery that places an undue burden, or that is wholly irrelevant. *See Dahl v. Wells Fargo Advisors, LLC*, No. 10-4696 (ADM/FLN), 2012 U.S. Dist. LEXIS 4827, 2012 WL 124986, at *3 (D. Minn. Jan. 17, 2012) (requiring courts to individual examine the burden versus the benefit of potential discovery); *see also Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 557 (D. Minn. 2008) (authorizing only relevant discovery).

As explained below, Defendant's request for thirty (30) years of parts drawings creates an undue burden on National Presto, especially given the limited benefits that all parts drawings will have to help Defendant's defense of trade dress infringement. Additionally, as explained below, Defendant's requests relating to the 2019 HEAT MACHINE heater are irrelevant as they seek discovery on products not at issue in this lawsuit. Defendant's Motion to Compel must be denied.

### A. Defendant's Request for All Parts Drawings for All HEATDISH Products is Unduly Burdensome Given the Benefit

Defendant's request for thirty (30) years of parts drawings is unnecessary, duplicative, and can be for no reason other than to harass National Presto. Defendant's request for all engineering parts drawings is unnecessary, as National Presto has provided Defendant with (and Defendant has availed itself of) every opportunity to inspect the all external parts of the HEATDISH heater, and provided significant other documents containing the information Defendant seeks, going back as far as 1995. Defendant has failed to articulate why all of National Presto's opportunities fail to provide with the necessary information, because it simply cannot. Defendant has all of the information that it needs to defend its claims. Given the undue burden placed on National Presto in retrieving all parts drawings, this Court is well within its discretion in denying Defendant's request for ***all*** parts drawings.

Generally, "[t]he party seeking discovery must satisfy some threshold showing of relevancy before discovery is required." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). However, "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter 1 v. Miscellaneous Docket Matter 2,* 197 F.3d 922, 925 (8th Cir. 1999); *see also* Fed. R. Civ. P. 26(b)(1).

The party resisting discovery must show specifically how each interrogatory or request for production is not relevant or how the discovery is overly broad, burdensome or oppressive. *Johnson v. Mead Johnson & Co., LLC*, No. 11-225 (JNE/LIB), 2012 U.S. Dist. LEXIS 194694, *3-4 (D. Minn. May 21, 2012).

In *Beller*, the court denied the plaintiff's motion to compel as the already produced information was sufficient for defendant to assess the claims and production of additional information is unduly burdensome in light of the benefit. *Beller v. Coloplast A/S*, No.

8:16CV09, 2018 U.S. Dist. LEXIS 135928, at *41 (D. Neb. Aug. 13, 2018). In *Beller* plaintiff sought to compel the Court to force defendant to produce all event reports. *Id.* Defendant argued that because it had already produced all reports related to the lawsuit, that production of all reports would be an undue burden. *Id*. at *40. The court agreed, holding that because plaintiff had received and had access to the adverse event reports related to defendants product, additional discovery was unnecessary. *Id*. at *41. As such, plaintiff's request for production of all adverse event reports was not proportional to the needs of the case and unduly burdensome. *Id*. at *41.

In the present case, Plaintiff's request for all of Defendant's part drawings for the HEATDISH is not proportional with the needs of the case and unduly burdensome. Specifically, Plaintiff has already received, accessed, and inspected the part drawings and relevant designs it now seeks through Plaintiff's discovery requests. Defendant's motion relies on the relevancy of National Presto's part drawings for the HEATDISH product, but fails to address the disproportionate effect and undue burden it imposes on National Presto. *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999) ("even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information"). Additionally, Defendant's Motion fails to justify the needs for all parts drawing, when National Presto's trade dress largely concerns its major external parts.

Similar to the present case, in *Beller*, defendant had already made available the event reports related to its product. Here, National Presto has made its parts drawings for its HEATDISH product available to Defendants. In fact, National Presto has made the following available to Defendant: (1) all parts drawings of external parts of the HEATDISH product from 1995-present, (2) inspection of all the relevant models of HEATDISH heaters, (3) images showing every iteration of the HEATDISH product, and (4) assembly

8

drawings of Plaintiff's HEATDISH product. Fatabhoy Decl., ¶ 6-8. This production leaves no remaining question as to the appearance of the HEATDISH product over the period from 1995 to the present.

Furthermore, the timing of Defendant's discovery further demonstrates the disproportionate nature of its request. Defendant asserts that National Presto can provide the part drawings through a mere reasonable search effort. However, Defendant overlooks the burden it seeks to place on National Presto. National Presto is simply unable to readily access thirty (30) years of parts drawings on an old, incompatible system. As explained above, National Presto's older computer system, containing all parts drawings from before 2013, is only accessible to certain high level National Presto employees. Additionally, the files from the older computer system are in differing formats and are not able to be converted to be read by the newer system. Thus, National Presto employees are required to expend numerous hours and resources to attempt to convert the drawings into a readable format. Further, this undue burden is further heightened by the simple lack of any relevant information contained in these documents. Defendant has made no showing why any of the other evidence it has received is insufficient to defend its claims. Defendant cannot meet this burden. Even if Defendant met that burden, the marginal benefit is significantly outweighed by the undue burden it would place on National Presto.

### B. Defendant's Requests Relating to the 2019 HEAT MACHINE Product are Irrelevant.

Defendant's Requests relating to the 2019 HEAT MACHINE product are irrelevant to this lawsuit and do not warrant additional responses. Discovery may not be had on matters irrelevant to the subject matter involved in the pending action. *Miscellaneous Docket Matter 1 v. Miscellaneous Docket Matter 2,* 197 F.3d 922, 925 (8th Cir. 1999); *see also* Fed. R. Civ. P. 26(b)(1). A matter is irrelevant for purposes of discovery when it is not designed to elicit information related to any claim or defense at issue in the present

case. *Bombardier Rec. Prods. v. Arctic Cat, Inc.*, No. 12-cv-2706 (MJD/LIB), 2014 U.S. Dist. LEXIS 184986, at *44-45 (D. Minn. Dec. 5, 2014) (finding plaintiff's discovery request irrelevant because it was not "designed to elicit information relevant to any claim and/or defense at issue in the present case"). Moreover, discovery requests designed to elicit information that derives from matters not in controversy in the case are irrelevant for purposes of discovery. *Id.* at *45.

Here, any inquiry into the 2019 HEAT MACHINE product is completely unrelated to the claims and defenses in the present lawsuit and therefore is irrelevant. At the center of National Presto's claims is the infringement of Defendant's 2018 HEAT MACHINE product on National Presto's trade dress rights in its HEATDISH product. ("Fatabhoy Decl.") ¶ 14; see also Complaint at ¶ 10-11, 17. No claim or defense in the present matter involves Defendant's 2019 HEAT MACHINE product or design.

Defendant's interrogatories are contrary to Fed. R. Civ. Proc. 26, because Defendant seeks an advisory opinion regarding the infringement status of its only recently introduced 2019 HEAT MACHINE product. The purpose of Rule 26 is to carry out meaningful discovery, **not to educate the parties**. *Miscellaneous Docket Matter 1 v. Miscellaneous Docket Matter 2*, 197 F.3d 922 (8th Cir. 1999); *see also SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001); *see also Estate of Dabela v. Town of Redding*, No. 3:16cv534(RNC), 2018 U.S. Dist. LEXIS 50987, at *11 (D. Conn. Mar. 23, 2018); *see also Burke v. Glanz*, No. 11-CV-720-JED-PJC, 2013 U.S. Dist. LEXIS 7977, *13 (N.D. Okla. Jan. 18, 2013); *see also Am. News & Info. Servs. v. Rovella*, No. 3:15cv1209(RNC), 2017 U.S. Dist. LEXIS 140059 (D. Conn. Aug. 30, 2017); *see also Springs v. Ally Fin., Inc.*, No. 3:10-CV-311-MOC-DCK, 2014 U.S. Dist. LEXIS 182064 (W.D.N.C. Dec. 2, 2014).

Defendant seeks to educate itself and elicit an advisory opinion from Plaintiff regarding Defendant's 2019 HEAT MACHINE product under the guise of discovery. Namely, Defendant seeks to ascertain National Presto's legal position on the following

10

points, each of which are not at issue in the present matter: (1) whether Defendant's 2019 HEAT MACHINE infringes on National Presto's trade dress rights in its HEATDISH product, and (2) whether Defendant's alternative 2019 HEAT MACHINE designs are non-functional and ineligible for trade dress protection.  Put simply, Defendant abuses the discovery process and uses the court to force National Presto to take a position on a new product unrelated to the pleadings of the present matter.

National Presto has not yet advanced any infringement claims against Defendant's 2019 HEAT MACHINE.  As such, contrary to Defendant's position, National Presto's contentions regarding the 2019 HEAT MACHINE are completely irrelevant to the contours of an appropriate injunction or any related trade dress protections.  These questions derive directly from a product that is not in controversy in the present action. Therefore, none of these requests are related to the National Presto's claims against Defendant's 2018 HEAT MACHINE or any defenses raised by Defendant.

Additionally, Defendants contention that National Presto's responses relating to the 2019 HEAT MACHINE heater effectively help it analyze the potential scope of an injunction is similarly unpersuasive. National Presto has clearly maintained that Defendant must cease manufacturing and distributing of its ***2018*** HEAT MACHINE heater, which infringes Plaintiff's trade dress. While Defendant's assurances in its moving papers that it has ceased manufacturing and selling its 2018 HEAT MACHINE heater is encouraging, National Presto seeks a court-ordered injunction or agreement confirming that the 2018 HEAT MACHINE heater will no longer be sold. Critically, however, this discussion is ***not*** effected at all by the 2019 HEAT MACHINE heater.

Accordingly, Defendant's interrogatories are irrelevant and the Court should not compel National Presto to respond to any inquiries regarding or related to Defendant's 2019 HEAT MACHINE.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to deny Defendant's Motion to Compel.

Dated: February 13, 2020   /s/_John S. Artz_____
John S. Artz (P48578), *admitted pro hac vice*
**DICKINSON WRIGHT PLLC**
350 S. Main Street, Ste. 300
Ann Arbor, MI 48104
Telephone: (734) 623-7075
Facsimile: (844) 670-6009

Andrea L. Arndt (P78622), *admitted pro hac vice*
Franklin M. Smith (P76987), *admitted pro hac vice*
Yafeez S. Fatabhoy (P83064), *admitted pro hac vice*
**DICKINSON WRIGHT PLLC**
2600 West Big Beaver Road, Ste. 300
Troy, MI 48084
Telephone: (248) 433-7200
Facsimile: (844) 670-6009
jsartz@dickinsonwright.com
aarndt@dickinsonwright.com
fsmith@dickinsonwright.com
yfatabhoy@dickinsonwright.com

*Attorneys for Plaintiff*
*National Presto Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2020, I caused a true and correct copy of **DEFENDANT'S OPPOSITION TO THE MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL** to be served on all counsel of record via email.

| | |
|---|---|
| Dated: February 11, 2020 | */s/ John S. Artz* |
| | Attorney for Plaintiff National Presto Industries, Inc. |

4846-7587-0132 v1 [85653-1]