# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

National Presto Industries, Inc.,

          Plaintiff/Counterclaim Defendant,      Case No.: 0:18-cv-03321-SRN-BRT

vs.

U.S. Merchants Financial Group, Inc.,

          Defendant/Counterclaimant.

## NATIONAL PRESTO'S SUPPLEMENTAL RESPONSES TO INTERROGATORY NOS. 2, 3, 8, AND 12 PROPOUNDED BY U.S. MERCHANTS

Plaintiff/Counterclaim Defendant National Presto Industries, Inc. ("National Presto") provides the following supplemental objections and responses to Defendant/Counterclaimant U.S. Merchants Financial Group, Inc.'s ("U.S. Merchants") Interrogatory Nos. 2, 3, 8, and 12 (individually an "Interrogatory," and, collectively, the "Interrogatories"). National Presto's Response is based on its current knowledge, understanding, and belief as to the information and documents reasonably available to National Presto as of the date of this Response. National Presto's investigation is continuing and ongoing, and further investigation and discovery may lead to additions, modifications, or changes to National Presto's Response.

By responding to these Interrogatories in writing or by producing documents, National Presto does not waive any objections or privilege protections asserted or available to National Presto, and expressly reserves any and all objections it may have as to competence, relevance, materiality, privilege, admissibility, or use in any further proceedings in this action (including the trial of this action) or in any other action of any information, documents, or writings produced, identified, or referred to herein, or to the introduction of any evidence at any proceeding (including the trial of this

1
NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

action) relating to the subjects covered by this Response. The specific responses set forth below are based upon National Presto's interpretation of the language used in U.S. Merchants' Interrogatories, and National Presto reserves any and all rights to amend or supplement the foregoing Response in the event that U.S. Merchants asserts an interpretation that differs from National Presto's interpretation. Any inadvertent disclosure or production of any document by National Presto shall not constitute any waiver of any applicable privilege as to that or any other inadvertently produced document.

The following general objections apply to and are incorporated by reference into each and every specific response to U.S. Merchants' Interrogatories as if fully set forth therein. From time to time, a specific response may repeat a general objection for emphasis or other reason. The omission of any general objection in any specific response to any Interrogatory is not intended to be and should not be construed as a waiver, withdrawal, or limitation of any general objection to any Interrogatory. Similarly, the inclusion of any general objection in any specific response to any Interrogatory is not intended to be and should not be construed as a waiver, withdrawal, or limitation of any specific objection made herein or that may be asserted at another date.

## GENERAL OBJECTIONS

1.      National Presto objects to each and every Interrogatory and Definition to the extent that it seeks discovery that is impermissible and inconsistent with the discovery allowed in this action pursuant to the Federal Rules of Civil Procedure or any applicable local rules and orders.

2.      National Presto objects to each and every Interrogatory and Definition to the extent it seeks production of responsive information within an unreasonable period of time. National Presto will engage in reasonable efforts to search for, identify, and locate responsive information

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

(as set forth in detail in the specific responses below) and will supplement these responses when and as necessary.

3.      National Presto objects to each and every Interrogatory and Definition to the extent that it requires the production of information or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity or any other applicable privilege or immunity or documents shielded from production or admissibility by statutory or other judicially sanctioned basis. Inadvertent disclosure or production by National Presto of information or any document or writings that contain information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to such document or any other document, or the subject matter thereof, or the information contained therein, or of National Presto's right to object to the use of any such document, writing or information during this or any subsequent proceeding. An objection asserting that a request seeks privileged information, documents, or things should not be construed as a representation that such information, documents, or things exist or existed.

4.      National Presto objects to each and every Interrogatory and Definition to the extent that it calls for any legal conclusion. Any response or production by National Presto shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used by U.S. Merchants in any Interrogatory or Definition, or as agreeing to the meaning or application of any terms or phrases used by U.S. Merchants in any Interrogatory or Definition.

5.      National Presto objects to each and every Interrogatory and Definition to the extent that it places on National Presto a burden or expense that is in excess of that permitted by the

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

Federal Rules of Civil Produce, the Local Rules of the United States District Court for the District

of Minnesota, any standing orders of the Court, any other applicable orders, rulings, or judicial

pronouncements, or any agreements between National Presto and U.S. Merchants related to this

action.

6.      National Presto objects to each and every Interrogatory and Definition to the extent

they are unlimited in time or not reasonably limited to a time frame relevant to this litigation.

7.      National Presto objects to each and every Interrogatory and Definition to the extent

they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that

are incorrect or unknown to National Presto. No incidental or implied admissions are intended by

any response or production of documents by National Presto. The fact that National Presto agrees

to produce non-privileged documents upon undertaking a reasonable search should not be taken

as an admission that National Presto accepts or admits the existence of any fact or document as

requested or assumed by any Interrogatory or Definition or that any such fact or document is

relevant or admissible.

8.      National Presto objects to each and every Interrogatory and Definition to the extent

they seek information not within the possession, custody, or control of National Presto or seek

information that is equally or more readily available to U.S. Merchants.

9.      National Presto objects to each and every Interrogatory and Definition to the extent

they are overly broad, seek documents beyond what may be available from a reasonable search of

National Presto's files likely to contain relevant or responsive documents, would unduly interfere

with or impair National Presto's regular business activities, or are being interposed to cause or

would result in undue burden or expense to National Presto.

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3,
8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

10.     National Presto objects to each and every Interrogatory and Definition to the extent they seek information that National Presto is not permitted to disclose pursuant to confidentiality obligations to third parties or pursuant to any applicable protective order or other court orders.

11.     National Presto objects to each and every Interrogatory and Definition to the extent they seek production of Electronically Stored Information ("ESI") or paper discovery from sources that are not reasonably accessible or in a format inconsistent with or beyond the limitations of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of the District of Minnesota, any standing orders of the Court, any other applicable orders, rulings, or judicial pronouncements, or any agreements between National Presto and U.S. Merchants related to this action including the forthcoming ESI order currently being negotiated by the parties.

12.     National Presto objects to each and every Interrogatory and Definition to the extent they are duplicative or cumulative of any other discovery requests propounded by U.S. Merchants to National Presto.

13.     National Presto objects to each and every Interrogatory and Definition to the extent they call for National Presto to form or render an expert opinion.

14.     National Presto objects to each and every Interrogatory and Definition to the extent that they are overbroad and unduly burdensome, insofar as they seek documents or communications not reasonably calculated to lead to the discovery of admissible evidence related to any party's claim or defense.

15.     National Presto objects to each and every Interrogatory and Definition to the extent that they are vague, ambiguous, overbroad and not likely to lead to the discovery of admissible evidence.

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

16.     National Presto objects to each and every Interrogatory and Definition to the extent that they are overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, insofar as they purport to demand production of materials created after the filing of the Complaint in this action.

17.     National Presto objects to each and every Interrogatory and Definition to the extent that they are overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence, insofar as they purport to demand production of materials or seek information related to National Presto's revenue, profit, royalty, page views, user metrics or any other metric used to calculate or measure damages, prior to any time period for which U.S. Merchants alleges that it is entitled to damages.

18.     National Presto objects to each and every Interrogatory and Definition to the extent that they seek information or documents prior to the date any such information or documents are to be exchanged or provided pursuant to the schedule set forth in the Court's forthcoming Scheduling Order and the parties' proposed Joint Rule 26(f) Conference Report.

19.     National Presto objects to each and every Interrogatory and Definition to the extent they purport to seek a privilege log for any documents dated after the filing of the Complaint in this action.

20.     Any reference to documents to be produced or information to be provided is based on National Presto's current, past, or intended production of non-privileged, non-immune documents identified and located after a reasonable search, without admission, acknowledgement of, or agreement with any characterization in any Interrogatory or Definition that any such document exists or is relevant to any issue in this case.

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

## OBJECTIONS TO DEFINITIONS

21.     National Presto objects to the definition of "National Presto," "Plaintiff," "You," and "Your" as improper, overly broad, and unduly burdensome to the extent it purports to encompass any organizations or individuals other than or beyond National Presto Industries, Inc.

22.     National     Presto     objects     to     the     definition     of     "document"     or "documents" to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the exclusion for trial preparation materials or any other privilege or immunity. National Presto further objects to this definition as improper, overly broad, and unduly burdensome to the extent it seeks production of information not within the custody or control of National Presto, and/or is not reasonably available to National Presto.

23.     National     Presto     objects     to     the     definition     of     "communication"     and "communications" to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the exclusion for trial preparation materials or any other privilege or immunity. National Presto further objects to this definition as improper, overly broad, and unduly burdensome to the extent it seeks production of information not within the custody or control of National Presto, and/or is not reasonably available to National Presto.

24.     National Presto objects to the definition of "person" and "persons" as improper, overly broad, and unduly burdensome to the extent it purports to encompass any organizations or individuals other than or beyond National Presto.

25.     National Presto objects to the definition of "HEATDISH brand heater" to the extent that it seeks to encompass product models that are not at issue in the current lawsuit.

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

26.     National Presto objects to the definition of "Market Research" as vague, ambiguous, improper, overly broad, and unduly burdensome to the extent it seeks information not within the control of National Presto.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 2:

Describe your design process for all iterations of the HEATDISH brand heater, including identification of all individuals involved in the initial (and any revised) design and the rationale for the design choice allegedly reflected on the following features:

a) the dish

b) the grill;

c) the circular center portion from which bars of the grill extend to an outer circumference of the grill;

d) the inner side of the dish having a metal appearance and finish;

e) the electric heating element;

f) the base;

g) the grill with a specific curvature with the bars spaced apart and creating a horizontal and vertical opening spaced apart from one another by the bars;

h) the heating element located in the center of the parabola;

i) the center circular portion of the parabolic electric heater with a flat face with an emblem disposed thereon;

j) the reflective backing on the inner side of a dish.

### RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections, National Presto objects to the characterization of this Interrogatory No. 2 as a single interrogatory given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1), including an interrogatory containing multiple components for ten (10)

8

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

separate features of the HEATDISH® product and requiring voluminous information on all ten (10) features. National Presto further objects to this Interrogatory as overly broad, vague, ambiguous, and unduly burdensome in that it seeks discovery regarding all of the facts concerning all iterations of the HEATDISH® product produced over more than thirty (30) years including information having no bearing on the product's exterior appearance. National Presto further objects to this Interrogatory to the extent it seeks disclosure of confidential information prior to entry of a suitable Protective Order.

Subject to the foregoing general and specific objections, the overall design of the HEATDISH® product was chosen such that its combination of features provides a unique ornamental appearance. Pursuant to Rule 33(d), National Presto will produce documents reflecting the aesthetic design process for the relevant versions of its HEATDISH® products as well as the identification of the individuals involved. National Presto will also allow U.S. Merchants' counsel the opportunity to inspect these HEATDISH® products in National Presto's local counsel's office in Minneapolis, Minnesota at a mutually agreeable time. National Presto's investigation is ongoing and National Presto reserves the right to amend and/or supplement this response.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2

Subject to the foregoing general and specific objections, National Presto responds that, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be further determined by reviewing the following documents: NP0001556-59; NP0001590-92; NP0001598; NP0001620-24; NP0001669; NP0001676; NP0001681-90; NP0002062; NP0002141-45; NP0003070; NP0003667; NP0003678; NP0003682; NP0003756; NP0003757; NP0003907-08; NP0003976; NP0003983-86; NP0004010-11; NP0004113-14; NP0004161; NP0004205; NP0004257; NP0004378-81; NP0004844-45; NP0004900; NP0004916; NP0005671-72;

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

NP0005908-09;   NP0005927-28;   NP0006351;   NP0006365-66;   NP0006421;   NP0006498;

NP0006501-02;   NP0006641-42;   NP0006656;   NP0006805-06;   NP0006936;   NP0007040;

NP0007828-29;   NP0008257;   NP0009140-43;   NP0009240;   NP0010143-10154;   NP0010611;

NP0011234; NP0011270-88.

Discovery and National Presto's investigation are ongoing, and National Presto reserves the right to alter, amend, or supplement its response to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify and describe all changes to the design and/or function of the HEATDISH brand heater from the time the HEATDISH brand heater was first offered for sale, and identify the three persons most knowledgeable about the identified changes to the design and/or function of the HEATDISH brand heater.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, National Presto objects to the characterization of this Interrogatory No. 3 as a single interrogatory given that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1). National Presto further objects to this Interrogatory as overly broad, vague, ambiguous, and unduly burdensome in that it seeks discovery relating to all of the changes of a product that has been in production for more than thirty (30) years, including changes having no bearing on the product's exterior appearance. National Presto further objects to this Interrogatory to the extent it seeks disclosure of confidential information prior to entry of a suitable Protective Order.

Subject to the foregoing general and specific objections, pursuant to Rule 33(d), National Presto will produce documentation showing each of the different models of the HEATDISH® product as well as the years each was introduced and sold. National Presto will also allow U.S. Merchants' counsel the opportunity to inspect physical samples of these at National Presto's counsel's office in Minneapolis at a mutually agreeable time. National Presto also identifies the following three

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

determined by reviewing the following documents: NP0000007-18; NP0000092-93; NP0000096-98; NP0000188-193; NP0000227-282; NP0003300; NP0003311-3443; NP0003445-50; NP0003461; NP0004116-17; NP0004159-61; NP0004165-74; and NP0005672.

Discovery and National Presto's investigation are ongoing, and National Presto reserves the right to alter, amend, or supplement its response to this Interrogatory.

DATE: August 9, 2019          */s/ Yafeez S. Fatabhoy*

Eric H. Chadwick (#248769)
chadwick@ptslaw.com
Sarah M. Stensland (#387051)
stensland@ptslaw.com
**PATTERSON THUENTE PEDERSEN, P.A.**
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

John S. Artz (P48578), *admitted pro hac vice*
Andrea L. Arndt (P78622), *admitted pro hac vice*
Franklin M. Smith (P76987), *admitted pro hac vice*
Yafeez S. Fatabhoy (P83064), *admitted pro hac vice*
**DICKINSON WRIGHT PLLC**
2600 West Big Beaver Road, Ste. 300
Troy, MI 48084
Telephone: (248) 433-7200
Facsimile: (844) 670-6009
jsartz@dickinsonwright.com
aarndt@dickinsonwright.com
fsmith@dickinsonwright.com
yfatabhoy@dickinsonwright.com

*Attorneys for Plaintiff/Counterclaim Defendant National Presto Industries, Inc.*

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2019, I caused a true and correct copy of this document to be served on all counsel of record via email.

Dated: August 9, 2019

/s/Yafeez S. Fatabhoy

Attorney for Plaintiff/Counterclaim
Defendant National Presto Industries, Inc.

15

NATIONAL PRESTO'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NOS. 2, 3, 8, AND 12, PROPOUNDED BY U.S. MERCHANTS; CASE NO.: 0:18-cv-03321-SRN-BRT