**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| National Presto Industries, Inc., | Case No.: 0:18-cv-03321-SRN-BRT |
| Plaintiff, | |
| vs. | **U.S. MERCHANTS FINANCIAL GROUP'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** |
| U.S. Merchants Financial Group, Inc., | |
| Defendant | |

## INTRODUCTION

U.S. Merchants Financial Group, Inc. ("U.S. Merchants") moves to compel the production of highly relevant documents that National Presto Industries, Inc. ("National Presto") has failed to produce. The first category of documents are sales reports of National Presto's HEATDISH parabolic electric heater. The second are documents and reports concerning Costco's return of HEATDISH heaters. The third are communications between National Presto and Costco regarding U.S. Merchants and U.S. Merchants' HEAT MACHINE brand parabolic electric heater.

These three categories of documents are relevant and responsive to U.S. Merchants' discovery requests. HEATDISH sales reports bear directly on the issue of damages sought in this case. Return forms and summaries thereof relate to National Presto's damages allegations, as well as its allegations of consumer confusion. And National Presto's communications with Costco regarding U.S. Merchants are directly relevant to factual representations underlying National Presto's tortious interference claim. National Presto should be compelled to produce the identified documents.

I.  **FACTUAL BACKGROUND**

    A.  **U.S. Merchants served requests for production that encompass all three categories of documents National Presto has failed to produce.**

U.S. Merchants' Request for Production No. 4 asks for:

> All documents and communications with Costco Wholesale Corporation regarding U.S. Merchants or U.S. Merchants' HEAT MACHINE brand heater.

(Manske Decl. Ex. A (Nat'l Presto Resp. to RFP No. 4).) National Presto responded to Request for Production No. 4 as follows:

> In addition to the General Objections above, National Presto objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of the case to the extent that it seeks documents relating to products and/or functionalities not at issue in this case. National Presto objects to the extent that this request seeks information protected by the attorney-client privilege, work product, or any other applicable privilege. National Presto further objects to this request as vague and ambiguous.
>
> Subject to the foregoing objections, National Presto will produce, to the extent they exist, non-privileged confidential documents upon entry of a suitable Protective Order and after the parties have had a meet and confer regarding the number of custodians to be searched and the applicable search terms that reflect communications and documents contained by National Presto with Costco regarding U.S. Merchants.

(*Id.*)

U.S. Merchants' Request for Production No. 11 asks for:

> All documents related to sales of National Presto's HEATDISH brand heater, including but not limited to reports of gross sales in units and revenue, product price, profit-and-loss analysis, cost of goods sold, and forecasts and projections.

(*Id.* (Nat'l Presto Resp. to RFP No. 11).) National Presto responded to Request for Production No. 11 as follows:

> In addition to the General Objections above, National Presto objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of the case to the extent that it seeks documents relating to products and/or functionalities not at issue in this case. National Presto objects to the extent that this request seeks information protected by the attorney-client privilege, work product, or any other applicable privilege. National Presto further objects to this request as vague and ambiguous as it is not limited in time to the relevant periods in this litigation.
>
> Subject to the foregoing objections, National Presto will produce, to the extent they exist non-privileged confidential documents upon entry of a suitable Protective Order and after the parties have had a meet and confer regarding the number of custodians to be searched and the applicable search terms that relate to the sales of the HEATDISH® product.

(*Id.*) (emphasis added).

> U.S. Merchants' Request for Production No. 29 asks for:
>
> All documents relating or referring to any harm or damages claimed by you to have resulted, or that allegedly will result, by reason of allegations in the Complaint, including all documents relating to the determination of damages in this lawsuit if U.S. Merchants is found liable on any of the counts or claims set forth in the Complaint.

(*Id.* Ex. B (Nat'l Presto Resp. to RFP No. 29).) National Presto responded to Request for Production No. 29 as follows:

> In addition to the General Objections, National Presto further objects to this Request as overly broad, unduly burdensome, and/or not proportional to the needs of the case to the extent that it seeks documents and information prematurely. Moreover, National Presto objects to the extent that this Request seeks information protected by the attorney-client privilege, work product, or any other applicable privilege. National Presto further objects to this Request as vague and ambiguous.
>
> Subject to the foregoing objections, National Presto will produce responsive non-privilege documents, to the extent they have not already been produced or are already in Defendant's custody or control reflecting the harm or damages that have resulted due to Defendant's infringing use of National Presto's intellectual property. Moreover, discovery in this case is

3

still ongoing with no depositions having yet been taken. Nevertheless, National Presto will produce, in accordance with its obligations under the Federal Rules of Civil Procedure and pursuant to the deadlines provided in the scheduling order, documents responsive to this request, including an expert report that will contain a determination of the damages that National Presto seeks due to U.S. Merchant's infringing conduct. National Presto's investigation is ongoing and it reserves the right to supplement this Response.

(*Id.*).

### B. U.S. Merchants learns—for the first time—that National Presto is in possession of highly relevant documents that National Presto failed to produce prior to the close of written fact discovery.

U.S. Merchants deposed Elizabeth Demaree on February 11, 2020. Ms. Demaree ███████████████████████████████████████████ (Manske Decl. Ex. C (Demaree Tr. 18).) During her February 11, 2020 deposition, Ms. Demaree testified that ███████████████████████████████████████████ Ms. Demaree also testified that ███████████████████████████████████████████ Ms. Demaree testified that ███████████████████████████████████████████ Ms. Demaree indicated that ███████████████████████████████████████████ Ms. Demaree indicated that ███████████████████████████████████████████

On February 14, 2020, undersigned counsel sent correspondence to counsel for National Presto requesting the production of the responsive documents identified by Ms.

4

Demaree. (Manske Decl. Ex. D.) The parties met and conferred on February 18, 2020. During the meet and confer, counsel for National Presto indicated that National Presto was not in a position, at this time, to commit to the production of the responsive documents identified by Ms. Demaree.[1] (*Id.* ¶ 2.)

### C. U.S. Merchants learns of responsive communications between National Presto and Costco that National Presto failed to produce prior to the close of written fact discovery.

U.S. Merchants recently became that National Presto sent correspondence to Costco regarding U.S. Merchants and U.S. Merchants' HEATMACHINE brand heater that National Presto has not produced in discovery. (*Id.* ¶ 3.) Neither U.S. Merchants nor undersigned counsel has seen this correspondence. Neither U.S. Merchants nor undersigned counsel are aware of the exact date (or form) of the correspondence.

On February 7, 2020, U.S. Merchants sent correspondence to National Presto requesting the immediate production of National Presto's communications with Costco concerning U.S. Merchants. (*See* Manske Decl. Ex. E.) U.S. Merchants stated that the requested communication is directly responsive to U.S. Merchants' Request for Production No. 4, which expressly requests "all documents and communications with Costco Wholesale Corporation regarding U.S. Merchants or U.S. Merchants' HEAT MACHINE brand heater." (Manske Decl. Ex. A.)

National Presto responded on February 12, 2020, stating its position that the

---

[1] In view of the Court's February 17—February 18 by operation of Fed. R. Civ. P. 6—deadline to file non-dispositive motions related to "disputes relating to the limited extension" of discovery, U.S. Merchants brings the instant motion to preserve its rights. (Dkt. 115.)

referenced National Presto-Costco correspondence concerns the 2019/2020 model HEAT MACHINE, which National Presto contends is not relevant to this dispute. (*Id*. Ex. F.)

U.S. Merchants sent further correspondence on February 17, 2020. U.S. Merchants stated, again, that the recent National Presto-Costco communication is directly responsive to U.S. Merchants' Request for Production No. 4. (Manske Decl. Ex. G.) U.S. Merchants explained that Request for Production No. 4 is not limited to only those products National Presto currently believes are at issue in this lawsuit. (*Id*.) National Presto responded on the evening of February 17, 2020. (*Id*. Ex. H.)

The parties met and conferred on February 18, 2020. National Presto maintains its position that communications related to the 2019/2020 HEAT MACHINE heater are not relevant, and it has declined to produce the recent, now-confirmed communication between National Presto and Costco concerning U.S. Merchants. (*Id*.)

## II. ARGUMENT

Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). "'Relevancy' is broadly construed." *Oehmke v. Medtronic, Inc.*, No. 13-2415 (MJD/JSM), 2015 U.S. Dist. LEXIS 64340, at *12 (D. Minn. Mar. 26, 2015). It is a "well-settled rule" that a party seeking to avoid or limit discovery on the grounds of burden must "establish grounds for not providing the discovery that are specific and factual; the party cannot meet its burden by making conclusory allegations as to undue burden." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018).

**A. The documents at issue are responsive and relevant.**

**i.       HEATDISH sales reports are relevant and responsive.**

Ms. Demaree testified that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ This information is directly responsive to U.S. Merchants' RFP No. 11, which asks for "[a]ll documents related to sales of National Presto's HEATDISH brand heater …." (*Id*. Ex. A (Nat'l Presto Resp. to RFP No. 11).) This information is relevant because it relates to National Presto's claim for damages, including National Presto's allegations that U.S. Merchants' conduct has "damaged National Presto and will, unless restrained, further impair, if not destroy, the value of the HEATDISH® trade dress…" and that the alleged trade dress infringement "has caused National Presto to sustain monetary damage, loss, and injury…." (Dkt. 1 ¶¶ 50-51.)

The HEATDISH sales reports are also relevant to National Presto's allegations of sales volume and its claims of its long and successful business relationship at Costco. For instance, National Presto alleges that "National Presto had a reasonable expectation of economic advantage from continued business relations with Retailer Costco as National Presto had been selling the HEATDISH parabolic electric heater in Costco stores for over thirty (30) years" and that "National Presto has enjoyed significant sales of this product, including to customers in Minnesota." (Dkt. 1 ¶¶ 57, 117.) Sales reports spanning this period and detailing sales at specific Costco locations are relevant to these allegations.

National Presto cannot dispute that the sales reports identified by Ms. Demaree are relevant. National Presto produced one document that appears to reflect *total* sales of the

HEATDISH parabolic electric heater by year. (*See* Manske Decl. Ex. I (NP 0017835).) While information concerning *total* sales is responsive, it does not relieve National Presto of its obligation to produce routinely generated sales reports showing HEATDISH sales at all Costco locations. Region-by-region or location-by-location sales information is important in this case because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, National Presto expressly claims damages associated with loss of business in a particular type of Costco store—Costco Business Centers. As National Presto alleges in its interrogatory responses, "due to Defendant's infringement, National Presto has lost its contract with Costco to sell its HEATDISH® product in Costco Business Centers." (*Id.* Ex. J)

### ii. HEATDISH return documents are relevant and responsive.

Ms. Demaree testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These return documents are relevant to several issues in this case.

The identified Costco return documents are relevant to National Presto's assertion of consumer confusion. U.S. Merchants asked National Presto to "[i]dentify all facts and documents supporting or refuting your allegation(s) that 'there is a high likelihood that consumers will be confused' between the HEATDISH brand heater and the HEAT MACHINE brand heater." (Manske Decl. Ex. J (Nat'l Presto Supp. Resp. to ROG 7).) National Presto responded, in part, that it is "in receipt of numerous HEAT MACHINE products in HEATDISH packaging, and HEATDISH products in HEAT MACHINE

packaging, at its return center." (*Id.*) Return center data—including the return documents identified by Ms. Demaree—is directly relevant to these allegations. The return documents are likely to provide additional information as to specific quantities of returns as well as where and when certain HEATDISH heaters were returned to National Presto. (Manske Decl. Ex. C (Demaree Tr. 34:19-25.) Ms. Demaree explained that ███████ ████████████████████████████████████████████ ████████████████████████████████████████████ █████████████████████████████████ Documents relaying the volume of returned HEATDISH heaters and the timing of those returns goes directly to National Presto's allegations that a limited number of products returned in incorrect packaging (or no packaging at all) suggests consumer confusion.

The return documents identified by Ms. Demaree are also relevant to National Presto's damages assertions. National Presto ties at least a portion of its damages in this case to its alleged inability to sell 1,435 units of its HEATDISH parabolic electric heater. Specifically, National Presto alleges that U.S. Merchants "caused National Presto to be precluded from selling its HEATDISH products containing two concentric rings" and that "[a]pproximately 1,435 HEATDISH products remain unsold resulting from U.S. Merchants' interference." (Manske Decl. Ex. J (Nat'l Presto Resp. to Supp. ROG 24).) The identified Costco return documents bear directly on this claim. The return document should identify the number of unsold HEATDISH heaters and potentially the timing and rationale for any halt in sale.

9

### iii. National Presto's communications with Costco are relevant and responsive.

National Presto's communications with Costco are relevant to a number of issues in this litigation, including National Presto's claims about its business dealings with Costco and Costco's purchase of the HEATDISH parabolic heater. (*See, e.g.*, Dkt. 1 ¶¶ 9-10, 57, 84, 100, 138). These communications are particularly relevant to National Presto's claims that Costco ceased purchasing the HEATDISH parabolic heater as a result of any actions of U.S. Merchants. (*See e.g.* Dkt. 1 ¶¶ 116-121 (asserting Tortious Interference claim).) The Court has previously acknowledged that communications between National Presto and Costco regarding U.S. Merchants are relevant to this case. (*See* Dkt. 84 (Order on Mtn. to Compel) ("there is no dispute that [National Presto witness] Mr. Frederick has knowledge of relevant, nonprivileged, non-work-product protected facts concerning communications and information shared with Costco relevant to this litigation").)

National Presto cannot withhold its communications with Costco. National Presto's communications with Costco regarding U.S. Merchants and its products are directly responsive to U.S. Merchants' Request for Production No. 4, which seeks "all documents and communications with Costco [] regarding U.S. Merchants or U.S. Merchants' HEATMACHINE brand heater." (Manske Decl. Ex. A.) National Presto's sole rationale for withholding these communications—that they allegedly pertain to the 2019 HEAT MACHINE product—is unfounded.

As an initial matter, neither U.S. Merchants nor its undersigned counsel have seen

the National Presto-Costco communication at issue. Undersigned counsel has no way of knowing *what* National Presto conveyed to Costco about U.S. Merchants or U.S. Merchants' products. National Presto's suggestion that its recent communication to Costco relates *only* to the 2019 HEAT MACHINE product are not corroborated.

More fundamentally, National Presto ignores the explicit language of Request for Production No. 4. National Presto maintains that it "will not produce information related to the irrelevant 2019 HEAT MACHINE product." (Manske Decl. Ex. H) But U.S. Merchants' Request for Production No. 4 is not limited to the 2019 HEAT MACHINE product. It covers "communications with Costco [] regarding U.S. Merchants **or** U.S. Merchants' HEATMACHINE brand heater." (*Id*. Ex. A (emphasis added).) The Parties' dispute as to whether or not National Presto must respond to contention interrogatories does not relieve National Presto of its obligation to produce responsive documents in its possession. The issues are distinct. Even if the Court were to determine that National Presto need not state a position as to whether the 2019 HEAT MACHINE heater infringes, National Presto's communications to Costco regarding U.S. Merchants are still relevant and responsive.

### B. There is no indication that National Presto would bear an undue burden to produce the documents at issue.

National Presto has not suggested that there is any particular burden associated with producing any of the documents at issue. The record indicates there would not be.

Ms. Demaree testified ███████████████████████████████
████████████████████████████████████████████████████

11

███████████████████████████████ Ms. Demaree's testimony suggests that National Presto can easily find and produce the requested documents.

With regard to National Presto communications with Costco, National Presto has already produced these types of communications in this case. There is no reason to infer that producing recent correspondence would present an undue burden.

## CONCLUSION

For the foregoing reasons, U.S. Merchants respectfully requests that the Court grant U.S. Merchants' Motion to Compel.

DATED:  February 18, 2020              **ROBINS KAPLAN LLP**

By: *s/ William E. Manske*
Christopher K. Larus (#226828)
clarus@robinskaplan.com
William E. Manske (#0392348)
wmanske@robinskaplan.com
George B. Ashenmacher (#397368)
gashenmacher@robinskaplan.com

800 LaSalle Ave., Ste. 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

*Attorneys for Defendant U.S. Merchants Financial Group, Inc.*

12

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| National Presto Industries, Inc.,<br><br>      Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>U.S. Merchants Financial Group, Inc.,<br><br>      Defendant/Counterclaimant. | Case No.: 0:18-cv-03321-SRN-BRT<br><br>**DEFENDANT'S CERTIFICATE OF COMPLIANCE WITH WORD LIMITATIONS** |

     I, William E. Manske, certify that the Memorandum in Opposition to Plaintiff's Motion to Compel complies with Local Rule 7.1(f). I further certify that, in preparation of this memorandum, I used the word processing program Microsoft Word 2016; and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

     I further certify that the above referenced memorandum contains 2,986 words, and the memorandum of law is in 13-point font.

DATED:  February 18, 2020

**ROBINS KAPLAN LLP**

By: *s/ William E. Manske*
William E. Manske (#0392348)
wmanske@robinskaplan.com
800 LaSalle Ave., Ste. 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

*Attorneys for U.S. Merchants*