UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| National Presto Industries, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> U.S. Merchants Financial Group, Inc., <br><br> Defendant | Case No.: 0:18-cv-03321-SRN-BRT <br><br> **U.S. MERCHANTS FINANCIAL GROUP'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** |

**INTRODUCTION**

U.S. Merchants Financial Group, Inc. ("U.S. Merchants") moves to compel National Presto Industries, Inc. ("National Presto") to remove a "Confidential – Attorneys' Eyes Only" ("AEO") designation on eight documents it recently produced. These documents—in which National Presto conveys public information and disparages U.S. Merchants' HEAT MACHINE brand heater to a third party—do not meet the high bar to be designated AEO under the Court's Protective Order.

**I.    FACTUAL BACKGROUND**

   **A.  National Presto is ordered to produce its communications with Costco.**

On February 18, 2020, U.S. Merchants' moved to compel National Presto to produce "all documents and communications with Costco [] regarding U.S. Merchants or U.S. Merchants' HEATMACHINE brand heater." (*See* Dkt. 128.) As explained in its memorandum in support of that motion (Dkt. 128), U.S. Merchants learned in February 2020 that National Presto had corresponded with Costco regarding U.S. Merchants' HEAT MACHINE brand heater, and that National Presto had not produced the

communications. The Court granted U.S. Merchants' Motion to Compel. (Dkt. 140.)

National Presto produced its correspondence with Costco on April 17, 2020. ▮

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The produced communications concern three subjects.

### i. Communications about publicly-filed documents

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ U.S. Merchants publicly filed the referenced stipulation on February 4th, 2020. (Dkt. 96.)

### ii. Communications about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[1] On April 27, 2020, U.S. Merchants notified National Presto that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. National Presto did so on May 4, 2020.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████

      ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████[2]

    iii.  **Communications about actual and projected sales of National Presto's HEATDISH parabolic electric heater**

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████[3]

    **B.  National Presto refuses to de-designate NP_56003-15.**

On April 27th, U.S. Merchants requested that National Presto remove the AEO

---

[2] National Presto produced those two photos at NP_56010-11. (*Id.*)
[3] National Presto produced the four photos at NP_56012-15. (*Id.*)

designation from NP_56003-15. (Manske Decl. Ex. B.) National Presto refused. (*Id.*) The parties met and conferred on May 7th. National Presto maintained that NP_56003-09 (and images produced as NP_56010-15) constitute National Presto's sensitive business information because they "include information on how National Presto (1) evaluates competitive products, (2) interprets and applies relevant standards, and (3) communicates with its customers and with whom at its customer National Presto communicates regarding the products involved in the lawsuit." (*Id.* Ex. C.) The undersigned responded that the documents reflect "National Presto's communications to a third party regarding U.S. Merchants' product," and that the communications do not constitute the sort of sensitive business information described in the Protective Order. (*Id.*)[4] National Presto responded on May 11th, maintaining its position. (*Id.*)

## II.  ARGUMENT

The Protective Order in this case provides that a party may designate a document as AEO in two circumstances. The first is if the document "(i) contains technical, financial and/or other business information (e.g. pricing, customer lists, business and/or marketing plans or analysis, license agreements, engineering specifications, and the like) the disclosure of which would cause competitive harm to the producing party." (Dkt. 28 ¶ 3(c).) The second is if the document "(ii) is subject to an express obligation of

---

[4] As shown in the parties' correspondence, in an effort to avoid yet further motion practice, U.S. Merchants proposed a compromise whereby it would agree not to challenge National Presto's designation of those portions of NP_56003-09 that specifically concern National Presto's product. (*Id.* (Manske May 7, 2020 email).) National Presto rejected this proposal. (*Id.* (Smith May 11, 2020 email).)

confidentiality owed by the producing party to a third-party." (*Id*.) The Protective Order further provides that, "[t]o the extent practicable, only those parts of documents … that require designation as [AEO] shall be so designated." (*Id*. at ¶ 3(d).)

Under the Protective Order, a "party who cannot obtain agreement to change a designation may move the Court for an order changing the designation." (*Id*. at ¶ 7(c).) When a party so moves, the party "who designated a document as confidential or confidential-attorney's eyes only document must show that the designation satisfies Fed. R. Civ. P. 26(c)." (*Id*.) Relevant here, Rule 26(c) provides that the Court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

AEO designations "must be used sparingly and only when truly necessary because it limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions." *Election Sys. & Software, LLC v. RBM Consulting, LLC*, No. 8:11CV438, 2015 U.S. Dist. LEXIS 36795, at *13 (D. Neb. Mar. 24, 2015). Information should not be designated AEO "simply because one of the parties would prefer that certain information not be disclosed to an opposing party." *Ragland v. Blue Cross Blue Shield of N.D.,* No. 1:12-cv-080, 2013 U.S. Dist. LEXIS 99369, at *5 (D.N.D. June 25, 2013).

A. **National Presto's blanket designation of NP_56003-15 as AEO is improper.**

　i.　**NP_56003-NP56005 are third party communications that relay information about publicly-filed litigation documents.**

██████████████████████████████████████████████

███████████. ████████████████████████████████

██████████████ is public knowledge. (*See* Dkt. 96.) These communications do not constitute "business information," much less the type of sensitive business information that would harm National Presto if disclosed. (*See* Dkt. 28 ¶ 3(c) (a party may designate as AEO "business information … the disclosure of which would cause competitive harm to the producing party").)

　　*Election Sys. & Software* is instructive. 2015 U.S. Dist. LEXIS 36795 (D.N.D. June 25, 2013). There, the defendant challenged plaintiff's designation of "public contracts" and "letters sent to competitors and customers," as AEO. *Id*. at *10, 14. The defendant specifically noted that none of the plaintiff's communications to third parties were "subject to any confidentiality provision," nor contained any "highly sensitive" confidential information that would be damaging to the plaintiff. *See Election Sys. & Software*, No. 8:11CV438, Dkt. 89 (Brief in Supp. of Mtn. to Compel), at 5. The Court agreed, determining that "[i]nformation in the public domain, purposefully sent" by the plaintiff to third parties, "simply cannot be 'highly confidential.'" *Election Sys. & Software*, 2015 U.S. Dist. LEXIS 36795, at *14. *See also McDonald Apiary, Ltd. Liab. Co. v. Starrh Bees, Inc.*, No. 8:14CV351, 2016 U.S. Dist. LEXIS 8270, at *9 (D. Neb. Jan. 25, 2016) (denying AEO designation where the plaintiff had "failed to explain how it

can share certain [] information" with a competitor and third party "and simultaneously claim [that same] information is held strictly confidential"). Similarly here, National Presto impermissibly seeks to designate as AEO information that is in the "public domain"— information about publicly-filed documents, and communications to third parties sent with no confidentiality restrictions.

      ii.      **NP_56003-15 are third party communications about U.S. Merchants' HEAT MACHINE brand heater.**

National Presto improperly designated its . National Presto claims these communications constitute "business information," meriting an AEO designation. (Manske Decl. Ex. B.) They do not.

*First*, ▮▮▮. This fact alone contradicts National Presto's claim that the information is highly sensitive. *McDonald Apiary*, 2016 U.S. Dist. LEXIS 8270, at *9 (party cannot share information with third parties without restriction "and simultaneously claim [that same] information is held strictly confidential"). Further, the information is at least partially already public. ▮▮▮. (Manske Decl. ¶ 2; Ex. A (NP_56010-11).) ▮▮▮ are therefore already publicly accessible, belying National Presto's position that it is highly sensitive and confidential.

7

*See Election Sys. & Software*, 2015 U.S. Dist. LEXIS 36795, at *14-15.

██████████████████████████████████████████████████████ do not fall within any of the examples of sensitive business information delineated in the Protective Order—"pricing, customer lists, business and/or marketing plans or analysis, license agreements, engineering specifications, and the like[]." (Dkt. 28.) This is unsurprising. ████████████████████████████████████████████████████████████████

████████████████████████████ have nothing to do with National Presto's HEATDISH brand heater, much less any sort of sensitive business information concerning National Presto's HEATDISH brand heater or business practices.

In the meet and confer process, National Presto characterized its communications ████████████████████████ as providing "information on how National Presto (1) evaluates competitive products, (2) interprets and applies relevant standards, and (3) communicates with its customers and with whom at its customer National Presto communicates regarding the products involved in the lawsuit." (Manske Decl. Ex. ██.) None of these explanations stand up to scrutiny.

The fact that National Presto ███████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████. (*Id*. Ex. D (UL Standard 1278 excerpt).)

National Presto's characterization of its communications ██████████ as "business

information" revealing how National Presto "communicates with its customers and with whom at its customer National Presto communicates regarding the products involved in the lawsuit" is difficult to parse and does not justify a blanket AEO designation. (Manske Decl. Exs. B, C.) Even if National Presto's communications to ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ National Presto has not articulated how this "business information" rises to the level of competitively sensitive information. (*See* Dkt. 28 ¶ 3(c).) With no specific justification offered, it appears that National Presto would simply prefer, for whatever reason, that U.S. Merchants not know ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. National Presto's preference that such communications remain AEO is not enough. *See Ragland,* 2013 U.S. Dist. LEXIS 99369, at *5 (AEO designation not warranted "simply because one of the parties would prefer that certain information not be disclosed to an opposing party.")

      The specific communications at issue are relevant to several issues in this case, and their de-designation is necessary for U.S. Merchants to prepare its defense against National Presto's claims. U.S. Merchants' HEAT MACHINE brand heater and the parties' interactions with Costco—a customer of both parties—is referenced throughout the Complaint. (*See, e.g.*, Dkt. 1 at ¶¶ 9-11, 21-22, 31, 44-45, 47-48, 54-55, 57, 60, 62-63, 75, 77, 84-85, 87-88, 100, 117-18, 138.) Absent de-designation, U.S. Merchants is hampered in its ability to prepare its case. *See Election Sys. & Software*, 2015 U.S. Dist. LEXIS 36795, at *13 (AEO designations "limit[] the ability of the receiving party to

9

view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions.") Among other issues in this case, National Presto's communications  affect National Presto's damages claims. They also affect U.S. Merchants' defenses, including its defense that National Presto's claims are barred by the doctrine of unclean hands. (Dkt. 13 ¶ 185.)

      iii.    **National Presto has improperly designated its communications about the sales of its HEATDISH parabolic electric heater.**

The remaining portion of the documents at issue are  Although this limited portion of NP_56004 could be categorized as "business information," U.S. Merchants has not set forth a justification for why an AEO designation is needed to protect against "competitive harm" that would result from disclosure. , do not rise to the level of highly-sensitive information that would result in harm if disclosed. The AEO designation is not warranted and should be removed.

**III.**    **U.S. Merchants should be awarded its fees incurred in bringing this Motion.**

U.S. Merchants moves for an award of its reasonable expenses, including attorney's fees, pursuant to Rule 37. *See* Fed. R. Civ. P. 37(a)(5). U.S. Merchants was already forced to file a motion to obtain the documents at issue. (*See* Dkts. 128, 40.) National Presto's attempt to throw further roadblocks in the way of U.S. Merchants' efforts to prepare its defense is unfounded. The documents at issue are not justifiably

designated as AEO. And National Presto's conclusory bases for maintaining its blanket AEO designations fall far short of what the Protective Order requires. Accordingly, U.S. Merchants seeks its reasonable expenses incurred in bringing this Motion.

## CONCLUSION

For the foregoing reasons, U.S. Merchants respectfully requests that the Court grant U.S. Merchants' Motion to Compel and award U.S. Merchants its reasonable expenses incurred in bringing this Motion.

DATED:  May 14, 2020      **ROBINS KAPLAN LLP**

By: *s/ William E. Manske*
Christopher K. Larus (#226828)
clarus@robinskaplan.com
William E. Manske (#0392348)
wmanske@robinskaplan.com
George B. Ashenmacher (#397368)
gashenmacher@robinskaplan.com

800 LaSalle Ave., Ste. 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

*Attorneys for Defendant U.S. Merchants Financial Group, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| National Presto Industries, Inc., | Case No.: 0:18-cv-03321-SRN-BRT |
| Plaintiff/Counterclaim Defendant, | |
| vs. | **DEFENDANT'S CERTIFICATE OF COMPLIANCE WITH WORD LIMITATIONS** |
| U.S. Merchants Financial Group, Inc., | |
| Defendant/Counterclaimant. | |

I, William E. Manske, certify that the Memorandum in Opposition to Plaintiff's Motion to Compel complies with Local Rule 7.1(f). I further certify that, in preparation of this memorandum, I used the word processing program Microsoft Word 2016; and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above referenced memorandum contains 2,505 words, and the memorandum of law is in 13-point font.

DATED: May 14, 2020

**ROBINS KAPLAN LLP**

By: *s/ William E. Manske*
William E. Manske (#0392348)
wmanske@robinskaplan.com
800 LaSalle Ave., Ste. 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

*Attorneys for Defendant*
*U.S. Merchants Financial Group, Inc.*