UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| National Presto Industries, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Merchants Financial Group, Inc., d/b/a Greenmade,<br><br>Defendant. | Case No. 18-cv-03321 (SRN/BRT)<br><br><br>**ORDER** |

Andrea L. Arndt, Franklin M. Smith, and Yafeez S. Fatabhoy, Dickinson Wright PLLC, 2600 West Big Beaver Road, Suite 300, Troy, MI 48084; Christopher Mitchell and John S. Artz, Dickinson Wright PLLC, 350 South Main Street, Suite 300, Ann Arbor, MI 48104; and Jeffer Ali, Patterson Thuente Pedersen, P.A., 80 South Eighth Street, Suite 4800, Minneapolis, MN 55402, for Plaintiff.

Christopher K. Larus, George B. Ashenmacher, and William E. Manske, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court following the Summary Judgment Order [Doc. No. 335] requiring the parties to address whether Plaintiff National Presto Industries, Inc. ("Presto") has a jury-trial right on the issues remaining in the case. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court finds that Presto has a right to a jury trial on its copyright infringement claim only.

**I.    BACKGROUND**

Presto filed this action in December 2018, alleging eleven counts against Defendant U.S. Merchants Financial Group, Inc. ("U.S. Merchants"). (Compl. [Doc. No. 1].) Presto

1

seeks declaratory and injunctive relief on all eleven counts. (Compl. ¶¶ 52, 67, 81, 92, 97, 115, 131, 139, 148, 161–73.) In addition, on its copyright infringement claim, Presto seeks statutory damages. (Def.'s Reply Mem. Mot. Exclude Test. C. Degen [Doc. No. 316] at 6–7.) And on all the other claims, Presto seeks disgorgement of U.S. Merchants' profits. (*See* Compl. ¶ 174 (praying "[t]hat Defendant be required, pursuant to 15 U.S.C[.] § 1117, to account to National Presto for any and all profits derived by them, either individually or jointly to be ordered to disgorge, and be ordered to pay all damages sustained by National Presto . . . ."); *see also* Pl.'s Resp. Interrog. No. 23 [Doc. No. 281-1] ("National Presto states that it seeks damages, including disgorgement of Defendant's profits and any applicable statutory damages . . . ."); Expert Report of Michael Chase [Doc. No. 282-1], at ¶ 17.) Presto has not presented evidence of actual damages incurred as a result of the alleged infringement.

On June 18, 2021, the Court granted summary judgment to Defendant on several of the counts. (Summ. J. Order at 86–87.) Surviving summary judgment were Presto's claims for (1) violation of its claimed trade dress rights in the HeatDish product under the Lanham Act—Count I; (2) infringement of its copyright in its instruction manuals—Count VI; (3) tortious interference with prospective business relations—Count VII; and (4) assorted state law unfair trade practices claims—Counts IX, X, and XI. (*See id.*) The Court ordered the parties to submit supplemental briefing on whether Presto holds a right to a trial by jury for those surviving claims. (*Id.* at 87.)

Presto filed its supplemental memorandum, asserting that it has a right to a jury trial on all of its remaining claims. (Pl.'s Supp. Mem. [Doc. No. 344] at 1.) As to the copyright

infringement claim, Presto points to Supreme Court precedent establishing a jury-trial right under the Copyright Act. (*Id.* at 1–2, 7.) Regarding the trade dress and state law claims, Presto argues that U.S. Merchants' profits are a "proxy" for its damages, making them legal in nature, and legal claims are entitled to a jury trial. (*Id.* at 2–6.) Alternatively, Presto argues that it is entitled to a jury trial because those causes of action share common issues of fact with the copyright infringement claim. (*Id.* at 8–10.)

U.S. Merchants concedes that Presto is entitled to a jury trial on its copyright infringement claim, but argues that Presto is not entitled to a jury trial on the other claims. (Def.'s Supp. Mem. [Doc. No. 346] at 2.) U.S. Merchants contends that Presto is not entitled to a jury trial on its other claims because Presto only seeks equitable remedies, which do not confer a jury-trial right. (*Id.* at 3–6.) In response to the proxy argument, U.S. Merchants asserts that Presto has failed to show that Defendant's profits are actually a proxy for its damages. (*Id.* at 6–8.) Lastly, Defendant argues that no common fact or issue requires the trade dress and derivative claims to be submitted to the jury. (*Id.* at 8–11.)

## II. DISCUSSION

A right to trial by jury may flow either from a statute or from the Seventh Amendment to the United States Constitution. Fed. R. Civ. P. 38(a). Neither party alleges that the Copyright Act, the Lanham Act, and the various state statutes invoked in the Complaint create a jury-trial right. Thus, the question before the Court is whether the Seventh Amendment entitles Presto to a jury trial on the remaining claims.

The Seventh Amendment preserves the right to trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII.

"Suits at common law" are "suits in which legal rights are to be ascertained and determined, in contrast to those where equitable rights alone are recognized, and equitable remedies are administered." *Karsjens v. Jesson*, Civ. No. 11-3659 (DWF/JJK), 2014 WL 4446270, at *1 (D. Minn. Sept. 9, 2014) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989)).

Determining whether a claim is legal or equitable requires a two-step analysis. *See Tull v. U.S.*, 481 U.S. 412, 417 (1987). First, courts "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* Second, courts "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 417–18. "The Supreme Court has stressed the second inquiry of this test is the more important of the two." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005).

### A.   Copyright Infringement under 17 U.S.C. § 501—Count VI

Plaintiff is entitled to a trial by jury on its copyright infringement claim. "[T]he Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998). Here, Presto seeks statutory damages under Section 504(c). (Def.'s Reply Mem. Mot. Exclude Test. C. Degen at 6–7.) Notably, neither party disputes Plaintiff's jury-trial right for this claim. (Pl.'s Supp. Mem. at 1–2; Def.'s Supp. Mem. at 2.) Accordingly, the Court finds that Plaintiff has a right to a jury trial on its copyright infringement claim.

### B. Trade Dress Infringement under the Lanham Act

Plaintiff is not entitled to a jury trial on its trade dress infringement claim because Plaintiff only seeks the remedy of disgorgement of profits under the Lanham Act, which is an equitable remedy.[1]  Under the Lanham Act, most courts find that a claim for disgorgement of an infringer's profits is an equitable claim, for which the Seventh Amendment does not guarantee a right to trial by jury. *See, e.g.*, *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1352–60 (11th Cir. 2019) (holding that the plaintiff was not entitled to a jury trial on its Lanham Act claim for an accounting and disgorgement of profits); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074–75 (9th Cir. 2015) (same); *Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1324–25 (Fed. Cir. 2018) (noting, in a patent case, "[a]s for copyright and trademark infringement, we have seen no support for concluding that disgorgement of profits was available at law for those wrongs"); *see also Arctic Cat, Inc. v. Sabertooth Motor Grp., LLC*, Civ No. 13-146 (JRT/JSM), 2016 WL 4212253, at *4–6 (D. Minn. Aug. 9, 2016) (citing *Fifty-Six Hope Road Music* as persuasive, and finding that a Lanham Act claim for an accounting of profits did not trigger a right to a jury); *Minn.*

---

[1] Plaintiff does not argue that a trademark infringement claim was considered a legal action in 1791 when the Seventh Amendment was ratified, entitling it to a jury trial under the first prong of the test outlined above.  Notably, Courts have been unable to determine whether trademark infringement claims were legal or equitable in nature. *See Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1355 (11th Cir. 2019) (holding that the first prong for a trademark infringement claim is "indeterminate" because such claims were heard in both courts of law and equity).  Accordingly, it is appropriate for this analysis—as the parties implicitly concede—to begin with the second prong, which is the "more important of the two," *Taylor Corp.*, 403 F.3d at 968.

*Specialty Crops, Inc. v. Minn. Wild Hockey Club, LP*, Civ. No. 00-2317 (JRT/FLN), 2002 WL 1763999, at *10 (D. Minn. July 26, 2002) (finding that a Lanham Act claim for an accounting of profits is equitable); *Fair Isaac Corp. v. Fed. Ins. Co.*, 408 F. Supp. 3d 1019, 1026–31 (D. Minn. 2019), *aff'd*, 468 F. Supp. 3d 1110 (D. Minn. 2020) (R&R) (finding, in a copyright case, that disgorgement is an equitable remedy); s*ee generally* 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:124 (5th ed.) ("[A]lmost all courts have held that there is no right to trial by jury if the only monetary remedy the trademark owner seeks is an accounting of the alleged infringer's profits."). The Court finds this authority persuasive. Accordingly, under the second prong of the test, Plaintiff's claim for trade dress infringement is an equitable claim for which no right to a jury trial exists.

Presto attempts to circumvent this case law by arguing that disgorgement is considered a legal claim when the infringer's profits serve as a "proxy" for the plaintiff's damages. (Pl.'s Mem. at 3–6.) But Presto's claim for disgorgement does not actually serve as a proxy for its damages. *See Fair Isaac Corp.*, 408 F. Supp. 3d at 1030–31 (finding that plaintiff's request for disgorgement was not a proxy for actual damages). To be sure, some evidence suggests that Presto would have been Costco's exclusive supplier of parabolic heaters in Arizona during the 2018-2019 heater season, and thus the sales that U.S. Merchants achieved are roughly indicative of the sales Presto would have achieved. However, the *profits* U.S. Merchants attained are unrelated to the profits Presto would have earned. It is undisputed that the products are sold at different price-points, and that they have different margins. (*See* Compl. ¶ 88.) If Presto were seeking compensation, rather than restitution and unjust enrichment, it could have argued that it suffered actual damages

6

in the form of lost profits—supported by expert testimony analyzing U.S. Merchants' sales data to quantify Presto's lost sales. Presto has not attempted to present such evidence, however. Consequently, its disgorgement claim seeks equitable relief. Accordingly, Presto's claim for trade dress infringement under the Lanham Act will not be adjudicated by a jury.

### C.     The Derivative Claims

Plaintiff is likewise not entitled to a jury trial on the state law claims. In its supplemental memorandum, Plaintiff states that the "[s]urviving Counts VII, IX, X, and XI are all state law claims relating to Defendant's theft of National Presto's trade dress in its HEATDISH heater and tortious interference with National Presto's sales of the its heater [sic]." (Pl.'s Supp. Mem. at 8 n.4.) Because Presto has tied its state law claims to the trade dress claim, and—like the trade dress claim—seeks only equitable remedies, Presto is not entitled to a trial by jury on these claims, for the same reasons outlined above.[2]

### D.     Common Fact Issues

Lastly, Presto argues that common issues of fact exist between its copyright infringement claim and its Lanham Act claims, which warrant submitting all the claims to a jury. (Pl.'s Supp. Mem. at 8–10.) Specifically, Presto asserts that at least two common

---

[2] Notably, Count XI, which is brought under Minn. Stat. § 325D.44, only provides for an equitable remedy, which further confirms that it is an equitable claim. Minn. Sat. § 325D.45 ("A person likely to be damaged by a deceptive trade practice of another may be granted an injunction . . . ."); *see also Luckey v. Alside, Inc.*, 245 F. Supp. 3d 1080, 1096 (D. Minn. 2017) ("The statute does not provide for monetary damages; the sole statutory remedy . . . is injunctive relief." (internal quotation marks and citation omitted)).

facts exist: (1) Defendant's willfulness in copying Plaintiff's trade dress and copyrights; and (2) Defendant's access to Plaintiff's copyrighted works. (*Id.* at 9–10.) But Plaintiff's arguments are unpersuasive.

While it is true that Presto's copyright infringement claim requires it to prove that U.S. Merchants willfully copied its product manuals, it is not clear that a showing of willfulness is required to prove Presto's trade dress claim. *See Martinizing Int'l, LLC v. BC Cleaners, LLC*, 855 F.3d 847, 852 (8th Cir. 2017) ("Whether a Lanham Act plaintiff must prove willful infringement to recover money damages is an open question in this circuit after the Lanham Act amendments in 1999."). Regardless, Presto has not shown that the *facts* for the copyright claim and the Lanham Act claims are the same. Put a different way, whether U.S. Merchants willfully copied Presto's *instruction manuals* is a separate issue from whether U.S. Merchants willfully copied Presto's *product*. Evidence exists that speaks solely to the instruction manuals and not the product trade dress, including testimony by Alfredo Bustamente and Barbara Trejo. (*See* Summ. J. Order at 18–19.) To be sure, some evidence may be relevant to both claims, but that does not require submitting both claims to a jury. *See Smith Flooring, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 938 (8th Cir. 2013) ("Even with both claims in controversy and the common element of establishing the terms of the intended contract, it could still be that no common *issue* exists.").

Along the same lines, the Court finds that it will be more efficient not to burden the jury with evidence that is irrelevant to the copyright infringement claim. *See* Fed. R. Civ. P. 42 ("For convenience, to avoid prejudice, or to expedite and economize, the court may

order a separate trial of one or more separate issues . . . ."); *Chicago, R.I. & P.R. Co. v. Williams*, 245 F.2d 397, 404 (8th Cir. 1957) ("[Rule 42] give[s] the court broad discretion in these matters of procedure."). Thus, it would be beneficial for the parties to present their evidence regarding copyright infringement first—including relevant testimony regarding deliberate copying; then, after discharging the jury, the Court can hear the remaining evidence regarding the trade dress and state law claims.

Accordingly, the Court finds that the common fact issues do not warrant submitting the derivative claims to the jury. Specifically, the Court finds that the evidence is sufficiently different and much of the evidence is not overlapping and can be presented to the Court by way of a bench trial after the jury hears Plaintiff's claim for copyright infringement.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff has a right to a jury trial on Count VI—Copyright Infringement under 17 U.S.C. § 501, which will be submitted to the jury; and

2. Plaintiff does not have a right to a trial by jury on Counts I, VII, IX, X, and XI; accordingly, those counts will be submitted to the Court by way of a bench trial after the jury hears Plaintiff's claim for copyright infringement.

Dated: November 2, 2021                                      s/ Susan Richard Nelson
                                                                                                      SUSAN RICHARD NELSON
                                                                                                      United States District Judge