UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| National Presto Industries, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Merchants Financial Group, Inc., d/b/a Greenmade,<br><br>Defendant. | Case No. 18-cv-03321 (SRN/BRT)<br><br>MEMORANDUM OPINION AND ORDER |

Andrea L. Arndt, Franklin M. Smith, and Yafeez S. Fatabhoy, Dickinson Wright PLLC, 2600 West Big Beaver Road, Suite 300, Troy, MI 48084; Christopher Mitchell and John S. Artz, Dickinson Wright PLLC, 350 South Main Street, Suite 300, Ann Arbor, MI 48104; and Jeffer Ali and Ariel O. Howe, Patterson Thuente Pedersen, P.A., 80 South Eighth Street, Suite 4800, Minneapolis, MN 55402, for Plaintiff.

Christopher K. Larus, William E. Manske, Emily J. Tremblay, Ellen Levish, and Jessica L. Gutierrez, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant's Motions to Exclude Plaintiff's Exhibits 75A through 75O, 77, 78, 79, 80, 81, 290, 336, 337, 338, 339, and 340. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** in part and **DENIES** in part the motions.

I.  BACKGROUND

Plaintiff National Presto Industries, Inc. ("Presto") brought this lawsuit against Defendant U.S. Merchants Financial Group, Inc. ("U.S. Merchants"), alleging, among

1

other things, that U.S. Merchants infringed Presto's trade dress rights in the HeatDish product. (Compl. [Doc. No. 1] at ¶¶ 36–52.)

### A.   Evidence of Alleged Actual Confusion

During discovery, Presto produced certain photographs that appear to demonstrate that the Presto return center (the "Canton Facility") had received several returns of The Heat Machine, including instances where Costco employees processing the return had packaged The Heat Machine in a Presto HeatDish box. (Decl. of Franklin Smith [Doc. No. 303] ("Smith Decl.") Ex. 39.)

Presto also produced evidence of certain e-mail communications received from alleged consumers that it alleges supports a finding of actual confusion. (Smith Decl. [Doc. No. 302] Exs. 1–4.) And Presto further produced evidence of Costco receipts for The Heat Machine that identify the product as a HeatDish. (Smith Decl. [Doc. No. 299] Ex. 38.)

### B.   Summary Judgment Order

U.S. Merchants moved for summary judgment on Presto's trade dress infringement claim. (*See* Def.'s Mot. Summ. J. [Doc. No. 240].) In denying that motion, the Court considered the photographs, e-mails, and receipts. (*See* June 18, 2021 Order [Doc. No. 335] at 37–38, 46–47.) At that time, the Court noted that the evidence had questionable probative value because Presto had not followed up with the Costco employees or consumers and had not produced evidence that anyone was actually confused. (*See id.* at 46–47.) Specifically, the Court explained that this evidence showed "nothing about why the customers thought their products originated from Presto." (*Id.* at 46.) The Court further explained that this evidence fails to establish "whether *consumers* were confused *because*

*of* The Heat Machine's alleged imitation of Presto's trade dress." (*Id.* (emphasis in original).) The Court also found that isolated incidents of actual confusion is usually not enough to establish a material factual dispute as to likelihood of confusion. (*Id.* at 47.) Accordingly, the Court held that "the actual confusion factor does not appear to support a finding of likelihood of confusion." (*Id.* at 47.)

    **C.**    **Defendant's Motion in Limine No. 4 [Doc. No. 435]**

Prior to trial, Defendant moved to exclude the photographs, e-mails, and receipts. (*See* Def.'s Mot. Limine No. 4 [Doc. No. 435]; Def.'s Mem. [Doc. No. 437] at 5–8.) Generally, Defendant argued that this evidence was irrelevant because it failed to show any actual confusion by consumers. (Def.'s Mem. at 5–8.) Defendant also argued that this evidence lacked reliability because Presto never followed up with any of the allegedly confused consumers. (*Id.*) And Defendant argued that the e-mails constituted inadmissible hearsay. (*Id.*) The Court deferred ruling until after hearing the testimony at trial. (Hr'g Minutes [Doc. No. 535] at 2.)

    **D.**    **Trial Testimony**

        **1.**    **Mr. David Ross**

At trial, Mr. Ross, the former general manager of the Canton Facility, testified. He testified that one of his duties at the Canton Facility was to process returns from Costco. He further testified that Plaintiff's Exhibits 75A through 75O were photographs that he took of returned parabolic heaters. He explained that he photographed instances of mislabeled or mispackaged parabolic heater returns. These returns included The Heat Machine packaged in HeatDish, Apple, and other generic boxes. He further explained that,

3

after taking the photographs, he sent them by e-mail to Ms. Colleen Hawkins, Presto's customer service manager.

On cross-examination, Mr. Ross testified that he normally receives about 10,000 returns of Presto's parabolic heater each year. He also testified that he had received returns of other items (i.e., clothing, hand tools, etc.) from Costco that Presto never sold. He explained that it was not his normal practice to take pictures of returns, but that Ms. Hawkins had requested that he take photographs of returns involving The Heat Machine product and packaging. He also testified that at some point he talked to "Pete" from Presto's legal department regarding the returned parabolic heaters; however, he could not recall whether that was before or after he sent the first photograph to Ms. Hawkins.

### 2. Ms. Colleen Hawkins

#### a. Photographs from Mr. Ross

Ms. Hawkins testified that Mr. Ross had telephoned her to report that the Canton Facility had received parabolic heaters from Costco that were not made by Presto. In response, she had asked him to send her photographs of those heaters. She confirmed that she received those photographs by e-mail, and that they showed Presto heaters in The Heat Machine boxes and The Heat Machine in Presto and other boxes. She also confirmed that Presto did not have any knowledge that anyone reached out to Costco or any of the customers who purchased those heaters. And she explained that the photographs by Mr. Ross represented sixteen returns over the course of a couple of months. Similarly, she had no information about anyone from Presto attempting to verify the accuracy of the third-party writings on the labels of the returned products.

### b. E-mails

Ms. Hawkins testified that the customer service department received three e-mails directly from consumers about The Heat Machine. She testified that those e-mails are contained in Plaintiff's Exhibits 336, 337, 338, 339, and 340, which were sent to her by customer service representatives.[1] She testified that it was standard business practice to follow-up with these e-mails but explained that, in this case, she had no information about why that business practice was not followed. She further explained that she had no way of knowing the identity of the person sending the e-mails nor the truthfulness of the statements in the-mails. She also confirmed that she had no knowledge of what products were represented in many of the photographs in Plaintiff's Exhibit 337.

### c. Receipts

During trial, Costco's 30(b)(6) Corporate Representative, Mr. Lester Cox, identified Plaintiff's Exhibit 290 as certain Costco receipts. He further testified that the receipts reflected a mistake on Costco's part.

### E. Trial Exhibits

Presto moved to introduce the photographs as Plaintiff's Exhibits 75A through 75O. Presto also moved to introduce the e-mail communications of alleged customer confusion as Plaintiff's Exhibits 77, 78, 79, 80, 81, 336, 337, 338, 339, and 340. Lastly, Presto moved to introduce the Costco receipts as Plaintiff's Exhibit 290.

---

[1] Plaintiff's Exhibit 77 and 336 are the same; Plaintiff's Exhibits 78 and 337 are the same; Plaintiff's Exhibit 79 and 339 are the same; Plaintiff's Exhibit 80 and 338 are the same; and Plaintiff's Exhibit 81 and 340 are the same.

### F. Defendant's Objection

U.S. Merchants objected to the admission of these exhibits. (*See* Def.'s Bench Mem. [Doc. No. 557] ("Def.'s Opp'n").)

#### 1. Photographs

Defendant argues that the photographs constitute double hearsay because they are being offered for the truth of the matter asserted and they include written statements by third parties. (*Id.* at 3–6.) Defendant also argues that the photographs violate Federal Rule of Evidence 1002 because they are not the best evidence of what is shown, and the items photographed were never produced in this case. (*Id.* at 1.) Defendant further argues that the photographs are irrelevant and immaterial and thus should be excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

#### 2. E-mails

Defendant makes similar objections in relation to the e-mail communications. (*Id.* at 6–9.) Specifically, Defendant contends that these constitute double hearsay that should be excluded under Rule 802. (*Id.* at 7.) Defendant further argues that the e-mail communications are irrelevant and lack any probative value in part because they do not reflect any consumer confusion. (*Id.* at 6–7.)

#### 3. Costco Receipts

Defendant argues that the receipts should be excluded under Fed. R. Evid. 1002 because the receipts themselves have never been produced. Defendant also contends that these are not relevant to the issues in this case.

### G. Plaintiff's Response

Presto argues that these exhibits should be admitted as evidence of actual consumer confusion in this case.

#### 1. Photographs

Presto argues that the photographs in Plaintiff's Exhibit 75 are not hearsay, asserting that photographs are images and not statements. (Pl.'s Bench Mem. on Ex. 75 [Doc. No. 561] at 1.). Alternatively, Presto argues that the photographs are admissible under the "state of mind exception" and "business records exception" to the hearsay rule. (*Id.* at 3–4.) Lastly, Presto argues that Rule 1002 of the Federal Rules of Evidence does not preclude their admissibility because Defendant never challenged the authenticity of the returns, making them admissible under Rule 1003. (*Id.* at 4–5.)

#### 2. E-mails

Presto argues that the e-mail communications are admissible. (*See* Pl.'s Bench Mem. Exs. 77–81 & 336–340 [Doc. No. 560] ("Pl.'s Second Mem.").) Presto contends that the e-mail communications are not hearsay because they are not being offered for the truth of the matter asserted; instead, they are being offered "to demonstrate that National Presto received inquiries about Defendant's product." (*Id.* at 1.) Alternatively, Presto argues that they are admissible under the "state of mind exception" and "business records exception" to the hearsay rule. (*Id.* at 2–4 (citing Fed. R. Evid. 803(3), (6)).)

7

### 3. Costco Receipts

Presto similarly argues that Rule 1002 does not apply because U.S. Merchants never challenged the authenticity of the Costco receipts. Moreover, Presto notes that Mr. Cox had no issue identifying the receipts in the photographs.

## II. DISCUSSION

### A. Legal Standard

" 'A district court enjoys wide discretion in ruling on the admissibility of proffered evidence . . . .' " *Farrington v. Smith*, 707 F.3d 963, 969 (8th Cir. 2013) (*quoting Quigley v. Winter*, 598 F.3d 938, 946 (8th Cir. 2010)). Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. To determine whether evidence is relevant, the Court looks first to what must be proven at trial and then asks whether the evidence in question tends to support or refute one of those issues. *See United States v. McCorkle*, 688 F.3d 518, 521 (8th Cir. 2012). Under Rule 402, evidence that is not relevant is not admissible. Fed. R. Evid. 402. And, Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. " 'Since the judge must hear the evidence in ruling on the motion to exclude the evidence under Rule 403, exclusion of the evidence on grounds of prejudice in a bench trial is described as a 'useless procedure.' " *Roederer v. J. Garcia Carrion, S.A.*, Civ. No. 06-213 (JNE/SRN), 2010 WL

489529, at *5 (D. Minn. Feb. 4, 2010) (*quoting* 22 Charles Alan Wright and Kenneth W. Graham, Jr., Federal Practice & Procedure § 5213 (1st ed. 2009)).

      B.      **Photographs – Plaintiff's Exhibits 75A through 75O**

The Court orally granted Defendant's motion as it relates to the written third-party statements in the photographs, finding those third-party statements to be inadmissible hearsay. Accordingly, Presto has been ordered to produce versions with those photographs with the third-party statements redacted. Even with those redactions, U.S. Merchants seeks to exclude Exhibits 75A through 75O as hearsay. U.S. Merchants also seeks to exclude the photographs under Rule 1002, and as lacking probative value. (*See generally* Def.'s Opp'n.) Each argument is considered in turn.

      1.      **Hearsay**

Hearsay is defined as a "statement" that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A "statement" is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a).

Here, Presto argues that the purpose of the photographs is to simply demonstrate that Presto received these returns. As redacted, the Court finds that the photographs are images and not statements under Rule 801 and are thus not hearsay. *See United States v. Turner*, 934 F.3d 794, 798 (8th Cir. 2019) ("The photographs of Turner and the cash are images, not statements, so they too are not hearsay.")

9

### 2. Rule 1002

U.S. Merchants contends that admitting these exhibits violates the best evidence rule. (Def.'s Opp'n at 1–3.) Specifically, U.S. Merchants contends that Presto produced the photographs, but never produced the physical items during this litigation, despite requests for production of documents that called for their production. (*Id.* at 1–2.) Although not the best evidence, the Court finds that the photographs reliably show the heater and boxes in question and therefore does not exclude them on this basis.

### 3. Probative Value

"The admission of photographs is a matter within the discretion of the district court." *Roberts v. Hollocher*, 664 F.2d 200, 204 (8th Cir. 1981). And courts routinely receive photographs into evidence, even if they are only marginally probative. *United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005) (affirming district court's admittance of photographs in a criminal trial for a tangentially relevant and somewhat prejudicial purpose).

Here, the Court admits the photographs. To be clear, the photographs only represent 16 product returns out of the approximately 10,000 yearly returns of parabolic heaters to the Canton Facility, which most likely does not constitute an appreciable number of instances of alleged actual confusion. *See Duluth News-Trib., a Div. of Nw. Publications, Inc. v. Mesabi Pub. Co.*, 84 F.3d 1093, 1098 (8th Cir. 1996) ("[W]e look to whether an appreciable number of ordinary purchasers are likely to be misled."). The photographs also provide little-to-no insight into whether the Costco employees who sent them to Presto were confused. It is also very concerning to the Court that Presto *could* have followed-up

with the people who submitted these returns to determine exactly why the person returned the products the way they did, but chose not to do so. Despite that concern, the Court agrees that these photographs carry probative value, albeit very little.

For these reasons, the Court receives Plaintiff's Exhibits 75A through 75O into evidence.

### C.     E-mails – Plaintiff's Exhibits 77, 78, 79, 80, 81, 336, 337, 338, 339, and 340

U.S. Merchants contends that these e-mail communications are irrelevant and inadmissible hearsay. (Def.'s Opp'n at 6–9.) In response, Presto argues that the e-mail communications are not hearsay because they are not being offered to prove the truth of any matter asserted within them, but rather "are merely being offered to demonstrate that National Presto received inquiries about Defendant's product." (Pl.'s Apr. 25, 2022 Mem. at 1.) Alternatively, Presto argues that the e-mail communications are admissible under the "state of mind exception" and "business records exception" to the hearsay rule. (*Id.* at 2–4.).

In *Duluth News*, the plaintiff submitted, at summary judgment, evidence of misdirected phone calls and mail. *Duluth News-Trib., a Div. of Nw. Publications, Inc. v. Mesabi Pub. Co.*, 84 F.3d 1093, 1098 (8th Cir. 1996). The Eighth Circuit held that "the vague evidence of misdirected phone calls and mail is hearsay of a particularly unreliable nature given the lack of an opportunity for cross-examination of the caller or sender regarding the reason for the 'confusion.' " *Id.*

Here, like in *Duluth News*, these e-mails constitute hearsay of a particularly unreliable nature of alleged "confusion." Specifically, Ms. Hawkins testified that her customer service representatives forwarded her these e-mails from alleged customers. She further testified that she is not aware that anyone followed up with these e-mail inquiries (other than what is shown in the exhibits), and that she had no way of knowing the identity of the person sending the e-mails nor the truthfulness of the statements in the e-mails. She also confirmed that she had no knowledge of what products were represented in the photographs in Plaintiff's Exhibits 78 and 337. Accordingly, the Court finds that Plaintiff's Exhibits 77, 78, 79, 80, 81, 337, 338, 339, and 340, are inadmissible hearsay.

Plaintiff alternatively argues that these e-mails are admissible under the "business records exception" to the hearsay rule. (Pl.'s Second Mem. at 3–4.) However, these e-mails are not business records within the meaning of the rule. Perhaps even more concerning is that these e-mails constitute hearsay within hearsay: the statement of the consumer within the retained e-mail. *See See Muhonen v. Cingular Wireless Emp. Servs., LLC*, 802 F. Supp. 2d 1025, 1043 n.5 (D. Minn. 2011), *aff'd*, 456 F. App'x 610 (8th Cir. 2012); *see also Fair Isaac Corp. v. Experian Info. Sols. Inc.*, No. CIV 06-4112 (ADM/JSM), 2009 WL 3526491, at *1–2 (D. Minn. Oct. 23, 2009) (analyzing two levels of hearsay in relation to consumer e-mails).

"[S]tatements made by strangers to the business," which "become a part of its records," are not themselves "business records unless they are verified by the business and thus adopted and become the business's own statements." *United States v. Santos*, 201 F.3d 953, 963 (7th Cir. 2000); *see also Alexander v. Cit Tech. Fin. Servs., Inc.*, 217 F.

12

Supp. 2d 867, 880–81 (N.D. Ill. 2002) ("If the records contain information obtained from a customer, thus constituting hearsay within hearsay, the information will come within the business records exception only 'if it is shown that [the business's] standard practice was to verify the information provided by [the] customer.' "). Here, Ms. Hawkins testified that she cannot verify the statements made by the consumers because no one followed up with them. She also testified that she cannot verify the identity of the alleged consumer, nor the truthfulness of the statements in the e-mails. Accordingly, the Court finds that the consumer statements are inadmissible hearsay.

In an effort to have these e-mails admitted, Presto argues that they are admissible under the then-existing state-of-mind exception to the hearsay rule. Federal Rule of Evidence 803(3) provides that "[a] statement of the declarant's then-existing state of mind (such as motive, intent or plan) or emotional sensory or physical condition (such as mental feeling, pain, or bodily health)" is admissible. Fed. R. Civ. P. 803(3). However, "a statement of memory or belief to prove the fact remembered or believed" is not included in this exception. *Id.* Here, none of the exhibits qualify under Rule 803(3). *See First Nat. Bank in Sioux Falls v. First Nat. Bank S. Dakota*, 679 F.3d 763, 768 (8th Cir. 2012) ("[T]he district court erred in admitting the confusion log, standing alone, into evidence."). The e-mails simply recount facts, provide commentary, or ask questions; they do not capture then-existing states of mind as contemplated by Rule 803(3).

For these reasons, Plaintiff's Exhibits 77, 78, 79, 80, 81, 336, 337, 338, 339, and 340 are not received into evidence.

### D.   Costco Receipts – Plaintiff's Exhibit 290

Defendant moves to exclude Plaintiff's Exhibit 290, which includes photographs of Costco receipts. The Court grants the motion as it relates to any third-party writing on the Costco receipt marked Bates label number NP 0000054. Presto is ordered to file a new exhibit that redacts the third-party writing.

As redacted, the copies of the Costo receipts are admissible under Fed. R. Evid. 1003. Rule 1003 provides that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. Here, there are no genuine questions as to the authenticity of the original Costco receipts and the circumstances do not make it unfair to admit the duplicate. *See Van Stelton v. Van Stelton*, No. C11-4045-MWB, 2014 WL 4898591, at *4 (N.D. Iowa Sept. 30, 2014) (overruling best evidence objection because photocopies were admissible under Fed. R. Evid. 1003). Notably, Mr. Cox easily identified these as Costco receipts. Accordingly, the Court receives Plaintiff's Exhibit 290 into evidence.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Exclude Plaintiff's Exhibits 75A through 75O is **DENIED**;

2. Defendant's Motion to Exclude Plaintiff's Exhibits 77, 78, 79, 80, 81, 336, 337, 338, 339, and 340 is **GRANTED**; and

3.  Defendant's Motion to Exclude Plaintiff's Exhibit 290 is **DENIED**.


Dated: April 27, 2022                                  s/ Susan Richard Nelson
                                                                                                    SUSAN RICHARD NELSON
                                                                                                    United States District Judge