UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| National Presto Industries, Inc.,<br><br>       Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>U.S. Merchants Financial Group, Inc.,<br><br>       Defendant/Counterclaimant. | Case No.: 0:18-cv-03321-SRN-BRT<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT U.S. MERCHANTS' MOTION TO DISMISS PRESTO'S CLAIM FOR ALLEGED INFRINGEMENT OF PRESTO'S 2016 HEATDISH INSTRUCTION MANUAL (U.S. COPYRIGHT REGISTRATION NO. TX 8-642-462).** |

I.  **INTRODUCTION**[1]

Defendant U.S. Merchants Financial Group, Inc.'s ("Defendant") Motion to Dismiss (Dkt. No. 613) is nothing more than a thinly veiled attempt at improperly utilizing procedural gamesmanship to receive an adjudication on the merits. Indeed, Defendant takes Plaintiff National Presto Industries Inc.'s ("National Presto") efforts to streamline trial in this matter and transforms it into something it is not – a determination that its 2018 instruction manual ***does not*** infringe National Presto's 2018 Copyright Registration. Indeed, Defendant previously attempted to demonstrate that its instruction manual did not infringe on National Presto's 2018 Copyright Registration and failed. *See* Dkt. No. 335. The fact of the matter is that Defendant's instruction manual infringes on ***both*** National Presto's Copyrights, as alleged in Count VI of the Complaint. National Presto, by diverting its efforts to only one of the Asserted Copyrights (the 1997 Copyright) simply seeks to preserve judicial and party resources by having the jury focus its attention on only one work, instead of two.

National Presto's decision was intended to lower the Parties burdens, allowing this case to efficiently proceed towards trial, yet, Defendant's recent filing (Dkt. No.

---

[1] National Presto has filed a Motion to Dismiss under Rule 41(a)(2). *See* Dkt. No. 624. While National Presto believes dismissal is not warranted (as there are no facts and law dictating dismissal or a partial count), to the extent the Court seeks dismissal, dismissal under 41(a)(2) and not 41(b) is appropriate.

2

613) demonstrates that Defendant, not National Presto, intends on the doing everything it can to cause unnecessary expenditure of the Parties (and this Court's) resources. To be clear, dismissal under Rule 41(b) is simply inapplicable as it involves an *involuntary* dismissal. As National Presto has plainly stated, to both Defendant (Dkt. No. 597-4) and this Court (Dkt. No. 533), National Presto *voluntarily* decided not to present evidence on its 2018 Copyright. Thus, a Rule 41(b) dismissal is inapplicable. What National Presto objected to was Defendant's "requirement" that National Presto submit voluntary dismissal of part of its Count VI (copyright infringement claim). National Presto was (and currently still is) unaware of any authority mandating partial dismissal of a Count. When National Presto inquired as to Defendant's legal support for its "requirement", Defendant failed to provide any. Now, Defendant rests its laurels on Rule 41(b), but that too does not support Defendant's novel request. National Presto requests this Court to deny Defendant's Rule 41(b) Motion for the foregoing reasons.

## II.   RELEVANT FACTUAL BACKGROUND

The relevant procedural history is set forth in National Presto's Motion to Dismiss under Rule 41(a)(2). (Dkt. No. 625).

## III.   ARGUMENT

### A. Dismissal Under Rule 41(b) is inappropriate.

Plaintiff's Motion under 41(b) seeking to involuntarily dismiss part of National Presto's Copyright Infringement Count dealing with National Presto's

2018 Copyright is both legally and factually unsupportable. Specifically, a dismissal under Rule 41(b) is only applicable as an ***involuntary dismissal***, not (as is the case here), where a party has voluntarily agreed not present evidence on a portion of a Count in its Complaint. Specifically, Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits.

A Rule 41(b) dismissal is the proper remedy where the plaintiff has exhibited "a pattern of intentional delay." *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir.1984) (citing *Garrison v. International Paper Co.,* 714 F.2d 757, 760 (8th Cir.1971)). Dismissal with prejudice has been described as an "extreme sanction." *Hunt,* 203 F.3d at 527. However, this remedy is proper when a court has "weigh[ed] its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim." *Id.* (citing *Hutchins v. A.G. Edwards & Sons, Inc.,* 116 F.3d 1256, 1260 (8th Cir.1997)).

Here, National Presto's voluntary decision to proceed with only part of its claim is not a "pattern of delay" warranting a Rule 41(b) dismissal. National Presto is not simply failing to prosecute its case, but actually has voluntarily done so – namely, and as National Presto has repeatedly stated, to allow the Parties to present streamlined evidence relating to only one copyright to this Court and Jury. See, as National Presto has previously explained, National Presto simply has to be

4

successful in providing infringement of one of its Copyrights, for it to be meritorious on Count VI. Given that, there is simply no need for National Presto to present evidence on both Copyrights. Regardless, there is nothing mandating that dismissal under 41(b) is warranted for exhibiting a pattern of delay.

Defendant seems to rest its laurels on two completely inapplicable cases. The first, *Scallen v. Minnesota Vikings Football Club*, 574 F.Supp. 278, 280 (D. Minn. 1983) dealt with a Plaintiff who sought to dismiss a suit, after discovery had already completed. *Id*. The *Scallen* plaintiff made clear that after the case was dismissed, he would reinstitute the suit. *Id*. The Court found that Plaintiff was unable to actually voluntarily dismiss his lawsuit. *Id*. The Court then issued an opinion on the merits and denied Plaintiff relief. *Id*. at 281.

Clearly, this case is distinguishable from the present case for a number of reasons. First, National Presto has no intent on playing games and reinstituting its claims after this lawsuit is terminated. To the contrary, National Presto (per this Court's request) – despite the absence of authority in support – submitted a dismissal under Rule 41(a)(2) with prejudice for only the portion of Count VI dealing with its 2018 Copyright Registration. National Presto echoed this sentiment to the Court during the September 21, 2022 Scheduling Conference. *See* Dkt. No. 625, p. 6. Second, and perhaps most importantly, the *Scallen* decision actually opined on the merits of the case. Indeed, the judge made actual findings of facts and conclusions

of law in writing their opinion. Here, Defendant seeks an adjudication on the merits without any actual findings of fact or law. This is simply improper and is ***not*** what National Presto proposed when it intended on streamlining this case.

The same is true with Defendant's other cited case, *Njaka v. Hellerud*, 2010 WL 1957497. Here, plaintiff filed a lawsuit and then refused, for months, in spite of court orders mandating it occur, his deposition. *Id.* at *1-3. The plaintiff then sought to dismiss the lawsuit and expressed an intent to refile the lawsuit. *Id.* at *5. This Court dismissed the action with prejudice. *Id.* at *6-7. Once again, this is factually inapposite to the present situation as National Presto has made clear that it will not re-litigate the 2018 Copyright Claims, but dropped such claims as a matter of courtesy for efficiency purposes.

Defendant's cited authority is not only inapplicable, but also demonstrates a fundamental mischaracterization by Defendant as to National Presto's intention in dropping the 2018 Copyright Claims. National Presto has clearly expressed ***why*** it dropped such claims and made statements to this Court that it would not pursue this claim after termination of the lawsuit. Yet, Defendant's cited case law makes it seem as if National Presto is involved in trickery – aiming to re-litigate Defendant's infringement of National Presto's copyright in a separate action. National Presto has never made such claim and the record belies such assertion. Rather, National Presto simply asked Defendant for its support that National Presto must provide a voluntary

dismissal of a part of a claim. Defendant never provided such support, instead mischaracterizing this record in hopes that this Court would grant its requested relief. But, there are no facts (and law) supporting Defendant's Request.

### B. Defendant is not entitled to an adjudication on the merits.

Perhaps Defendant's most incredulous ask, as part of its Rule 41(b) Motion to Dismiss, is that it is owed an adjudication on the merits. Defendant does not address why, after it failed to dispose of National Presto's Copyright Claims relating to its 2018 Copyright, that it is now owed a determination on the merits. Defendant does not (and cannot) point to anything intervening from the time it failed to present day that would warrant a merits determination. The fact of the matter is, Defendant hopes that this Court issues a broad stroke dismissal providing an adjudication on the merits. But the Court need not do that. Indeed, the plain language of Rule 41(b) is guiding. It states that "[u]nless the dismissal order states otherwise" a dismissal operates as an "adjudication on the merits." Stated differently, the clear text of the rule says that a Court does not need to dismiss under 41(b) as an adjudication on the merits.

While National Presto does not believe dismissal under 41(b) is necessary, to the extent this Court intends on dismissing under Rule 41(b), an adjudication on the merits is not warranted. Specifically, National Presto's decision to streamline the case, is in no way an admission that it claim did not have merits. In fact, and as the

Court noted during its Summary Judgment order, the Copyright and Defendant's manual have near "verbatim copying." Dkt. No. 335, p.73. Nothing has changed since that finding and National Presto is confident that a jury would find infringement of both Copyrights. But National Presto only need to be successful on one to be successful on this Count. So, there is no reason for National Presto to waste this Court's and a juries time presenting evidence on Defendant's infringement. To the extent the Court intends on adjudicating this matter on the merits, National Presto is more than happy to proceed with its infringement case relating to its 2018 Copyright.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion under Rule 41(b) should be denied.

Dated: October 10, 2022    /s/    *Yafeez S. Fatabhoy*
   Jeffer Ali (#0247947)
   ali@ptslaw.com
   **PATTERSON THUENTE PEDERSEN, P.A.**
   4800 IDS Center
   80 South Eighth Street
   Minneapolis, MN 55402-2100
   Telephone: (612) 349-5740
   Facsimile: (612) 349-9266

   John S. Artz (P48578), *admitted pro hac vice*
   Yafeez S. Fatabhoy (P83064), *admitted pro hac vice*

8

**DICKINSON WRIGHT PLLC**
350 S. Main Street, Ste. 300
Ann Arbor, MI 48104
Telephone: (248) 433-7262
Facsimile: (844) 670-6009
jsartz@dickinsonwright.com
yfatabhoy@dickinsonwright.com

Chris Mitchell (P52734), *admitted pro hac vice*
**DICKINSON WRIGHT PLLC**
200 Ottawa Ave NW Ste. 1000
Grand Rapids, MI 49503
Telephone: (616) 458-1300
Facsimile: (844) 670-6009
cmitchell@dickinsonwright.com

Franklin M. Smith (P76987), *admitted pro hac vice*
**DICKINSON WRIGHT PLLC**
2600 West Big Beaver Road, Ste. 300
Troy, MI 48084
Telephone: (248) 433-7200
Facsimile: (844) 670-6009
fsmith@dickinsonwright.com

*Attorneys for Plaintiff/Counterclaim Defendant National Presto Industries, Inc.*

4894-1300-0758 v3 [85653-2]