# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| National Presto Industries, Inc.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. Merchants Financial Group, Inc.,<br>d/b/a Greenmade,<br><br>　　　　Defendant. | Case No. 18-cv-03321 (SRN/BRT)<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO DISMISS PART OF COUNT VI RELATING TO INFRINGEMENT OF U.S. COPYRIGHT REG. NO. TX 8-642-462 WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** |

U.S. Merchants litigated Presto's claim of alleged copyright infringement of Presto's 2016 HEATDISH instruction manual (U.S. Registration No. TX 8-642-462) through discovery, through dispositive motion briefing, and to the very eve of trial. Presto made the unilateral decision not to prosecute this claim—even after filing pretrial submissions implicating it—then refused U.S. Merchants' repeated requests that Presto stipulate or move to dismiss. U.S. Merchants was forced to move to dismiss Presto's claim under Rule 41(b). Then, and only then, did Presto finally move to dismiss its claim, with prejudice, under Rule 41(a)(2).

U.S. Merchants agrees the claim should be dismissed with prejudice. But, for the reasons laid out in U.S. Merchants' Motion to Dismiss (Dkts. 611 (Motion), 613 (Memorandum)) and for the reasons laid out below, U.S. Merchants asks the Court to deny Presto's Motion and grant U.S. Merchants' Motion to Dismiss under Rule 41(b).

## I. Presto Failed to Meaningfully Meet and Confer with U.S. Merchants about its Motion.

At the Status Conference on September 29, 2022, Presto represented to the Court and to U.S. Merchants that it sought dismissal of its claim *without* prejudice. U.S. Merchants confirmed with the Court that the parties would brief the issue of whether Presto's claim should be dismissed with or without prejudice. Much to U.S. Merchants' surprise, Presto now moves to dismiss its claim *with prejudice*.

U.S. Merchants fully agrees that Presto's claim should be dismissed with prejudice. Presto's conduct, however, has only served to multiply the parties' filings with

this Court, and to cause U.S. Merchants and this Court to expend valuable resources addressing a simple issue.

      The District of Minnesota's Local Rule 7.1(a) imposes a requirement to meet and confer—that is, a moving party must make a "good-faith effort to resolve the issues raised by the motion." The Court also directed the parties to meet and confer on Presto's anticipated motion. (*See* Dkt. 620.) But Presto failed to meet and confer with U.S. Merchants, even though the motion it brought constitutes a significant departure from the motion it previewed to U.S. Merchants and to the Court at the September 29, 2022 Status Conference. Presto failed to meet and confer, even as the parties negotiated a briefing schedule on Presto's motion. (*Compare* Dkt. 623 (referring only to Presto's "Motion to Dismiss") *with* Dkt. 629 (no statement that the parties met and conferred on Presto's motion to dismiss with prejudice, and instead, an admission that Presto was "unclear whether Defendant opposes National Presto's Motion").) Presto failed to meet and confer, although U.S. Merchants stated clearly, multiple times, that it would consider stipulating to dismissal of Presto's claim with prejudice. (*See* Dkts. 597-2, 597-3.) Presto's procedural gamesmanship, Presto's refusal to engage with U.S. Merchants' good-faith efforts to dispose of Presto's copyright claim, Presto's refusal to comply with the Federal Rules of Civil Procedure governing dismissal, and now, Presto's refusal to comply with the Local Rules and this Court's clear direction have placed an unnecessary briefing burden on U.S. Merchants and on this Court.

      "A court may deny a motion when the parties fail to meet and confer in good faith prior to filing the motion." *Yang v. Robert Half Int'l, Inc.*, No. 19-cv-2669 (NEB/DTS),

2020 WL 5366771, at *2 (D. Minn. Sept. 8, 2020), *reconsideration denied*, No. 19-cv-2669 (NEB/DTS), 2021 WL 1111126, at *6 (D. Minn. Mar. 23, 2021). Because Presto admittedly failed to meet and confer with U.S. Merchants, and particularly because that failure has led to frivolous motion practice disposing of Presto's claim, the Court should deny Presto's Motion and instead grant U.S. Merchants' Motion to Dismiss under Rule 41(b). (*See* Dkts. 613 (Memorandum), 615 (Proposed Order).)

## II.   U.S. Merchants Reserves its Rights to Move for Fees.

Presto spends a substantial portion of its Memorandum addressing whether U.S. Merchants should be awarded its fees spent defending the claim Presto no longer seeks to prosecute. Presto acknowledges that U.S. Merchants "has yet to make this request." (Dkt. 625 at 9.)

U.S. Merchants should be awarded its fees spent pursuing Presto's claim for alleged infringement of Presto's 2016 HEATDISH instruction manual (U.S. Registration No. TX 8-642-462), along with each of Presto's other frivolous claims that were either dismissed on summary judgment or rejected following a trial on the merits. The parties agree, however, that this issue is not yet before the Court.[1] Indeed, U.S. Merchants never demanded fees as a condition for dismissal of Presto's abandoned claim. Rather, U.S. Merchants sought nothing more than the expeditious and efficient dismissal of Presto's claim with prejudice—something that Presto steadfastly refused even after the Court

---

[1] U.S. Merchants will make its fee claim following a final entry of judgment and consistent with the requirements of Federal Rule of Civil Procedure 54(d)(2); 17 U.S.C. § 505; and 15 U.S.C. § 1117.

provided clear guidance at the September 21, 2022 Status Conference. (*See* Dkt. 613 at 6; *see also* Dkt. 607 (9/21/2022 Hearing Tr.) at 10:24-11:2).)

### III. Conclusion

For the forgoing reasons, U.S. Merchants respectfully requests that the Court dismiss Presto's claim for alleged infringement of Presto's 2016 HEATDISH instruction manual (U.S. Registration No. TX 8-642-462) pursuant to U.S. Merchants' pending Motion to Dismiss Pursuant to Rule 41(b), and defer the question of whether U.S. Merchants should be awarded its fees defending this claim until after entry of judgment.

Dated: October 12, 2022                         Respectfully submitted,

*s/ Christopher K. Larus*

Christopher K. Larus (#0226828)
CLarus@robinskaplan.com
William E. Manske (#0392348)
WManske@robinskaplan.com
Emily J. Tremblay (#0395003)
ETremblay@robinskaplan.com
Jessica L. Gutierrez (#0396359)
JGutierrez@robinskaplan.com
Ellen K. Levish (#0400878)
ELevish@robinskaplan.com

**ROBINS KAPLAN LLP**
800 LaSalle Ave., Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

*Attorneys for Defendant*